STATE *ex rel.* SMITH *et al. v.* CITY OF CHATTANOOGA *et al.*

(*Knoxville*, September Term, 1940.)

Opinion filed November 23, 1940.

COOKE, SWANEY & COOKE and THOMPSON & BALLARD, all of Chattanooga, for complainants.

J. W. ANDERSON, of Chattanooga, for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Complainants allege in their bill that they are and have been employed as teachers in the Chattanooga schools

for a number of years; that the General Assembly of the State of Tennessee by Chapter 621, Private Acts of 1935, as amended by Chapter 83, Private Acts of 1935, Extra Session, provided a minimum schedule of salaries for all teachers employed in said schools; that defendants have refused to pay complainants and other teachers the minimum salaries provided in said Acts, and that they are entitled to a writ of *mandamus* to compel the Mayor and Commissioners of Chattanooga to pay same, and to levy a tax for that purpose.

Defendants challenge the validity of these Acts, and insist that in no event are complainants entitled to the relief sought.

██ ██ Companion bills were enacted by the Legislature in 1935 providing similar salaries for teachers in Hamilton County. These latter Acts were held violative of Article 1, Section 8, and Article 11, Section 8, of the Constitution of Tennessee in *State ex rel.* v. *Hamilton County,* 170 Tenn., 371, 95 S. W. (2d), 618. For the reasons stated in the opinion in that case we think the Acts now before us are unconstitutional if they are in conflict with the General Educational Act, Chapter 115, Public Acts of 1925, which applies to city as well as county schools, with an exception to be noted later. The involved constitutional provisions apply to municipalites as well as to counties. *Malone* v. *Williams,* 118 Tenn., 390, 103 S. W., 798, 121 Am. St. Rep., 1002; *Williams* v. *Taxing District,* 84 Tenn. (16 Lea), 531; *Hatcher and Lee* v. *State,* 80 Tenn. (12 Lea), 368; *City of Memphis* v. *Fisher,* 68 Tenn. (9 Baxt.), 239; *Mayor of Alexandria* v. *Dearmon,* 34 Tenn. (2 Sneed), 104.

The exception referred to above is contained in Section 15 of the General Education Act, Section 2384 of the Code, which is as follows: "Cities and incorporated

towns operating systems of public schools under provisions of their respective charters and levying an additional elementary school tax for operating expenses other than for grounds, buildings, and equipment are herein empowered to continue the operation of said system of public schools under the provisions of their respective charters. Provided, that no transfer of children between city and county schools shall be made except by agreement between the respective Boards of Education.''

It is the contention of complainants that the City of Chattanooga is operating its schools under the provisions of its charter by levying annually ''an additional elementary school tax for operating expenses other than for grounds, buildings, and equipment,'' thus taking it out of the general law.

The chancellor in a full written opinion held against this contention, as did this court in an unpublished opinion filed at Knoxville in June, 1936, in the cause of *Atwater et al.* v. *Hamilton County* (Hamilton Equity). In that cause the court had under consideration ''The County Public Works Act,'' Chapter 11, Public Acts of 1935, First Special Session, in which the question we are now considering was involved, and with respect to which it was said: ''It is not shown in the stipulation of facts, or otherwise, that the City of Chattanooga levies a tax for the support and maintenance of its elementary schools. It appears from the stipulation that the cost of operating the high schools of the city is paid from a tax made by the city, but no such showing is made with respect to the cost of operating the elementary schools.''

We wish to emphasize the fact that it is only where the city operating under its charter levies an elementary school tax for operating expenses other than for grounds, buildings, and equipment that it is excepted

from the general law. The burden of showing this fact is on complainants, and they have failed to carry this burden.

Since the city owns its grounds, buildings, and equipment, it necessarily follows that as such owner it has to bear the expenses incident to repairing and preserving its property; and, in the absence of an express agreement on the part of the county to contribute to such expenses, we cannot assume that its large annual payment of from seven to eight hundred thousand dollars was intended to be so applied, but, rather, was to be used in defraying the other operating expenses of the schools.

Prior to the passage of Chapter 202, Private Acts of 1929, the city under its charter maintained a separate school system, the elementary school funds being distributed between the city and county on the basis of the average daily attendance. That Act, which was an amendment to the General Educational Law, authorized the mayor of any municipality in the county operating its own school system to contract with the county authorities "for the payment of a definite sum each year by the county to such municipality from funds derived from all taxes for school purposes in lieu of the distribution based on average daily attendance," etc. Thereafter the city and county entered into a contract each year by which the county contracted to pay the city a definite sum. These annual payments for the years 1929 to 1936, inclusive, exceeded the operating expenses of the city's elementary schools other than the expenses for the upkeep of the grounds, buildings, and equipment, so that it was unnecessary for the city to levy a tax for that purpose.

It thus appears without contradiction that since 1929 the city has been operating its elementary schools under

the General Educational Act as amended, and not under the provisions of its charter.

Neither do we find any direct evidence in the transcript to support the claim of complainants that the city, since 1929, has levied an elementary school tax other than for grounds, buildings, and equipment.

For the reasons stated we find that the Acts in question conflict with the general law, thereby creating an arbitrary discrimination against the City of Chattanooga and imposing a burden upon the city not common to other municipalities in the State.

The chancellor was correct in dismissing the bill, and his decree is affirmed with costs.