Remine *v.* Knox County *et al.*

(*Knoxville*, September Term, 1945.)

Opinion filed October 13, 1945.

THURMAN AILOR and R. M. VERTREES, both of Knoxville, for complainant, appellant here.

JAMES G. JOHNSON, of Knoxville, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a suit by a deputy sheriff who has served as an officer waiting on the Court of General Sessions of Knox County and been paid three dollars per day as provided by subsection (8) of Code section 10707, the general fee law, to recover additional compensation in reliance upon Chapter 182 of the Private Acts of 1919 which fixes $3.50 as compensation for such services in Knox County. The chancellor sustained a demurrer and held the private act of 1919 unconstitutional as class legislation and because in controversion of the general law fixing compensation for such services. Remine appealed.

It appears that the chancellor followed particularly the recently published opinion by Mr. Justice GAILOR in the case of *Somerville* v. *McCormick*, 182 Tenn. 489, 187 S. W. (2d) 785, and authorities therein cited, and it is upon this authority that the appellee county now relies.

Learned counsel for Remine raise first the procedural question that the demurrer before the chancellor does not present the issue of constitutionality of this private act

and that the chancellor was therefore without authority to pass thereon.

■ We cannot agree to this for two reasons. First, we think the demurrer as a whole, while somewhat vague and inartificial in form and language, raises the question that the private act in question is invalid because class legislation and in conflict with the general law. In the course of paragraph (b) of the demurrer it is said, "Complainant cannot resort to any special statute different from the regular salary law above referred to [Code section 10725 et seq.], to increase or change the amount fixed by him during the years that he claims additional compensation in the bill." And paragraph (b) reads, "The demurrants further demur and say that any amendment of this public act fixing salaries, undertaking to supplement the salaries of the sheriff, or his deputies, is class legislation and is unconstitutional and void." It is fees rather than salaries which are fixed by this "act," but this is not a material misnomer, both terms referring to compensation.

■ ■ Second, it was within the inherent power of the chancellor to deny the relief sought upon his own motion when it appeared to him that a constitutional prohibition would thereby be violated. This is the generally recognized rule, which is especially applicable when the public interest and revenues are involved.

■ On the merits of the cause, there can be no doubt that this private act purported to award to this officer compensation in excess of that fixed by the general law; and, as said in *Somerville* v. *McCormick, supra* [182 Tenn. 489, 187 S. W. (2d) 788], "[the act] violated section 8 of Article XI of the Constitution in that it conferred special benefits on an individual," here a deputy sheriff.

The judgment is affirmed.