BRADLEY *et al. v.* ROCK GARDENS UTILITY DIST. *et al.*

(*Knoxville,* Sept. Term 1947 (May Session 1948).)

Opinion filed June 12, 1948.

666

Dunn, Meares & Bird, of Maryville, for appellants.

Oliver & Delozier, of Maryville, *amicus curiae.*

Mr. Justice Burnett delivered the opinion of the Court.

By Chapter 824 of the Private Acts of 1947, the Rock Gardens Utility District of Blount County was established. It was created and established as a municipal corporation for the purpose of providing fire protection service for the district. The Act providing for a governing board of three commissioners who were to be elected by the real property owners of the district after a petition to the Blount County Election Commission qualifying those the petitions requested to run for said office or offices.

Three people were qualified by petition and the Election Commission had called an election when the present suit was filed attacking the constitutionality of the Act and asking injunctive relief. The candidates for commissioners then withdrew their names and the election Commission called off the election. As soon as this happened the bill was dismissed as to these parties, *i. e.,* those qualified to run for commissioners and the election commission.

No commissioner or other officer ever qualified. The District has never functioned in any manner.

The Attorney General of the State was made a party defendant. He answered and disclaimed any interest personally or officially in the matter, and agreed that the Court might hear and determine the matter without his presence.

The utility district was made a party defendant and service of process was attempted to be had on it (1) by service of process on the Secretary of State, and (2) by publication. On Motion of the *Amicus Curiae*, the Chancellor dismissed the suit because the Rock Gardens Utility District (the corporation created under the Act) was not before the Court.

This appeal, therefore, raises the sole question of whether or not a municipal corporation may be served with process by service (1) on the Secretary of State and (2) by publication, when the corporation has no, (nor has ever had any) officers or agents and no one is named in the Act, creating the corporation, upon whom service may be had.

Section 8 of Article 11 of the Constitution of Tennessee provides that "No corporation shall be created, or its powers increased or diminished by special laws, but the General Assembly shall provide by general laws, for the organization of all corporations hereafter created, which laws may, at any time, be altered or repealed;" It thus appears that it is within the legislative power to create a municipal corporation. In other words the Legislature brings the corporation into being and causes it to exist. We have no constitutional restriction requiring the consent or the acceptance of the inhabitants of the district or incorporated area to make it a corpora-

tion. When the Legislature so decrees it becomes an incorporated district immediately and has life.

 Mr. Dillon says: "The rule which applies to private corporations, that the incorporating act is ineffectual to constitute a corporate body until it is assented to or accepted by the corporators, has no application to statutes creating municipal corporations. These are laws, and, as such, are imperative and binding, according to their terms, without any consent, unless the act is expressly made conditional. . . . And unless otherwise provided by the Act itself or a different intention is manifested, the public corporation is legally constituted as soon as the incorporating Act declaring it to exist goes into effect." 1 Dill. Mun. Corp., 5th Ed., section 69. See also 37 Am. Jur., page 629, section 9.

We have here a species of a municipal corporation; denominated in the Act as a " 'municipality' or public corporation". The Act is complete within itself and gives no indication that officers or commissioners should be elected, or the inhabitants assent to the incorporation before it becomes effective. We have an incorporated "municipality" which legally exists without officers. This being true, naturally, the appellants were in somewhat of a quaudary as to how to, and on whom process should be served, in order to bring the corporation into court.

In order to have a declaration as to the constitutionality of the Act under the Declaratory Judgments Act it was necessary that "such municipality shall be made a party, and shall be entitled to be heard". (Code section 8845).

Not having any officers or agents the corporation was sought to be brought into court by service of process on

the Secretary of State pursuant to Code Section 8670 which reads:

"8670. When it is shown by affidavit that *all the officers or agents* of a *domestic* corporation are *absent from the state* in the belief of affiant and that there is *no person in the employ of such corporation or doing business for it in this state* upon whom service can be had, such corporation may be served with any legal process issuing from any court of record, by serving such process or summons to such corporation upon the secretary of state at least thirty days before the process is returnable; and such service, *made as below provided,* shall be as effectual, to all intents and purposes, as if made in any of the other modes provided for by law". (Emphasis supplied.)

It seems to us that a casual reading of the above quoted Code section clearly indicates that this enactment was never intended by the Legislature to apply under the facts herein. We have underscored certain words of this statute which seem to us to point out the purposes of the statute and show its inapplicability herein without further comment.

Code sections 8666 and 8667 provide the method of service of process on corporations by serving on certain designated officers. Under the common law, service might be had on the Mayor or other head officer of the corporation. In the instant case there has never been any officer of the corporation. The Act does not designate any one upon whom service may be had. The Act does provide that the corporation may "sue and be sued". It must be assumed that the Legislature did not anticipate that the corporation would "sue and be sued", until it had elected its officers and at least made some semblance

of doing business. There are no *de facto* acts of the corporation shown here.

"Service of process upon a corporation must necessarily be upon its officers or agents through whom it is capable of acting, or upon some person designated by law as a person upon whom process may be served for the purpose of bringing the corporation into court." 42 Am. Jur., page 92, section 107.

Service of process on the corporation was attempted by publication in conformity with the requirements of Code section 10431(7). This statute provides:

"Personal service of process on the defendant in the court of chancery, is dispensed with in the following cases: . . .

"(7) When a domestic corporation has *ceased to do business* and has *no known officers*, directors, trustee, or other legal representative, on whom personal service may be had.".

*(2)* Originally, Courts of Chancery acted only in *personam*. Instance after instance arose where it was seen necessary that in order to do complete justice this rule should be relaxed. As a result the Legislature passed the statute last above quoted. Various clauses in this statute were enacted at different times as necessity would become evident. The last to be added was subdivision (7) above quoted which was added in 1915. This right being statutory it must be strictly construed. It may be that the Legislature at some future time may see fit to add to this statute so as to cover a state of facts as herein alleged. We are unable to in any manner read the above quoted statute, so as to make it apply here, without reading something into it that is not there.

This suit is filed for the express purpose of testing the Act that gives life to a corporation. This corporation

is in being and is certainly entitled to be before the Court before the Act giving it life can be passed on. This was one of the purposes of Code Section 8845 hereinabove quoted.

■■ If this corporation is not before the Court this is fatal on the question of ''justiciability'' in a suit for declaratory judgment. We can see no reason to question the existence of this corporation until it attempts to do some act through at least, a *de facto* organization. It can only act through its officers and agents who act for it. It therefore appears there is really no ''justiciable'' issue here because no officers or agents have assumed to act for the corporation.

The result is that the judgment below must be affirmed. All concur.