Lynch, County Judge, *v.* Faris, Sheriff.

(*Nashville,* December Term, 1949.)

Opinion filed February 10, 1950.

LEWIS S. POPE, of Nashville, for plaintiff in error, Frank L. Lynch, County Judge.

FRANK HICKERSON, of Winchester, for defendant in error, J. E. Faris, Sheriff, etc.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This case involves the constitutionality of Chapter 203 of the Public Acts of 1949. The suit originated in the

circuit court of Franklin County wherein J. E. Faris, Sheriff of the county, sought to have the court enter a judgment authorizing him to appoint certain deputies pursuant to the provisions of Code Sections 10726, 10727 and Chapter 203 of the Acts of 1949, which purports to amend Section 10743 of the official Code of 1932; and to authorize the expenditures incurred "in the proper and efficient administration of his office, including the compensation of the Sheriff and his deputies"; "that the County Judge be ordered to pay said salaries (for deputies), together with the Sheriff's salary of $5,000.00 a year out of the general or public fund of Franklin County, Tennessee, when the total fees of the Sheriff's office are not sufficient to pay said salaries and other expenses incurred by the Sheriff's office".

The defendant, Frank L. Lynch, in his official capacity as county judge answered the petition, contending that Chapter 203 of the Acts of 1949 was unconstitutional and void. The Act is assailed upon a number of grounds, all of which need not be considered in this opinion.

The circuit judge sustained the constitutionality of the Act and entered a judgment in accordance with the prayer of the petition. The defendant appealed and assigned errors.

While the validity of the Act is attacked upon numerous grounds, we are content to limit this opinion to a consideration of the following assignments:

(1) Chapter 203 of the Acts of 1949 is unconstitutional because the title fails to indicate the scope of the Act and is altogether misleading; it is therefore in violation of Article 2, Section 17 of the Constitution of Tennessee which reads as follows: "All acts which repeal, revive or amend former laws shall recite in their caption or

otherwise the title or substance of the law repealed, revived or amended.''

(2) The Act is in violation of Article 11 (eleven), Section 8 of the Constitution which provides: ''The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals, inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunities, or exemptions, other than such as may be, by the same law, extended to any member of the community who may be able to bring himself within the provisions of such law.''

The Act herein assailed purports to amend Code Section 10743, its title being as follows: ''An Act to amend Section 10743 of the Code of Tennessee of 1932 for the purpose of providing that the Sheriffs in all of the counties of the State shall receive a minimum and maximum salary; to provide that the Sheriffs' minimum salaries and all necessary and legitimate expenses of the office shall be a fixed and liquidated claim against the public funds of the counties; to provide that the Sheriffs shall have the remedy of *mandamus* to enforce the payment of their salaries and expenses.''

We think the title is clearly misleading in that it expressly says that the amendment is ''for the purpose of providing that the Sheriffs in all of the counties of the State shall receive a minimum and maximum salary'', whereas the body of the Act limits its application to counties having certain populations. A number of counties in the State are excluded from its provisions, to wit, Shelby, Davidson, Hamilton, Knox, Sullivan, Madison, Moore and Van Buren. Under what is commonly known

as the "General Salary Act", applicable to the Sheriffs of every county, Code Section 10725 et seq., the salary of each and every one is fixed at a definite and specific sum, classified and determined upon a population basis, provided the fees of the office equal or exceed the amount of the salary so fixed.

The Act assailed provides that Sheriffs in certain counties, determined upon a population basis, shall receive a fixed salary regardless of the total amount of fees of the office. It is further provided: "The sworn report (detailing expenses of the office) shall set forth all fees collected by the Sheriffs for the month in which the deficiency is claimed. The deficiency in the salary of the Sheriffs as shown by the report is a fixed and liquidated claim against the general county funds, and may be enforced by obtaining a writ of *mandamus* to compel the County Judge to issue a warrant drawn on the general fund of the county in the amount of the deficiency in salary due to the Sheriff as shown by his sworn report."

It thus clearly appears that the amendatory act suspends the general law of the State, as contained in Sections 12220, 12221, 12060, 10737 and 10743 of the Code of Tennessee, for the special benefit of Sheriffs in certain counties which Sheriffs in other counties of the State do not enjoy.

One of our earliest cases in which an Act of the Legislature of 1881 was declared unconstitutional because it violated Article 2, Section 17, is that of *Murphy* v. *State,* 77 Tenn. 373, 379, 380. Since that time we have dealt with the question in many cases. In *City of Brownsville* v. *Reid,* 158 Tenn. 445, 447, 14 S. W. 2d 730, MR. JUSTICE COOK, in discussing this clause of our Constitution, said: "This provision of the Constitution, requiring that the

caption of an act disclose the subject of legislation expressed in the body, was designed to prevent surprise, and also to confine the act to a single subject of legislation, to avoid the evils attending omnibus legislation. *Illinois Cent. R. Co.* v. *Crider,* 91 Tenn., [489], 494, 19 S. W. 618; *Palmer* v. *Southern Express Co.,* 129 Tenn. 116, 165 S. W. 236.'' See also *Schaffler* v. *Handwerker,* 152 Tenn. 329, 337, 338, 278 S. W. 967. Chapter 44 of the Public Acts of 1923, amending Shannon's Code, Section 2404, Sub-Sections 1 and 2 (Thompson's-Shannon's Code, Section 4146), was declared unconstitutional ''because title to act proposes to give dissenting husband whole of personal property, while the body of the act (Section 1, subsec. 3) gives him only part thereof; title therefore *failing to indicate scope of Act, and, being misleading,* violating the Const. art. 2, Section 17.'' (Italics ours.) See also *Farmer* v. *Wiseman,* 177 Tenn. 578, 151 S. W. 2d 1085, 135 A.L.R. 1169.

A case more nearly in point is *Hickman* v. *Wright,* 141 Tenn. 412, 210 S. W. 447. The Court there had under consideration Chapter 47 of the Acts of 1917, and known as the ''anti-fee bill''. The caption of the Act specifically referred to county officials in all the counties of the State, while the body of the Act did not apply to counties having a population of less than 30,000, or cover any of the officers in such counties. The Act was declared unconstitutional. In holding that an Act cannot be upheld under the theory that the part complained of as being at variance with another part, or was an oversight or omission, it was said: ''A pure 'casus omissus' occurring in a statute can never be supplied or relieved against by the court under any rule or canon of construction or interpretation. Lewis Sutherland, Statutory Construction (2d

Ed.), vol. 2, Sections 605, 606; 11 Corpus Juris, p. 31, note 69; 26 Am. & Eng. Ency. of Law (2d Ed.), p. 601; *Kelly & Co.* v. *State,* 123 Tenn. 516, 132 S. W. 193; *State ex rel. Board, etc., of Benton County* v. *Boice,* 140 Ind. 506, 39 N. E. 64, 40 N. E. 113.''

■ Coming now to the second assignment of error we think the amendatory Act clearly undertakes to suspend the general law, and for this reason it is in violation of Article 11, Section 8, of the Constitution. Contrary to the insistence of counsel for the appellee the Act cannot be saved under the doctrine of elision. There is no word, clause, or section of the Act which could be elided so as to read into it a legislative intent that the Sheriffs of every county in the State should have the right to compel the County Judge by *mandamus* to pay his salary regardless of the total amount of fees collected and reported. The language of the Act is plain and clear that only Sheriffs in certain counties are specially favored while those in other counties must comply with the provisions of the general law in order to receive their compensation for services rendered. *Hickman* v. *Wright, supra.* Article eleven, Section 8 of the Constitution expressly forbids the enactment of statutes which do not apply to, and affect, all persons or classes of persons alike. If an Act is so limited in its operation as to confer upon one class benefits from which others in a like situation are deprived it is denounced under every canon of construction as being in clear violation of the "law of the land". *Mayor and Aldermen of Alexandria* v. *Dearmon,* 34 Tenn. 104, 121, 125.

In *Harbert* v. *Mabry,* 166 Tenn. 290, 61 S. W. 2d 652, 653, this Court dealt with a special Act amendatory of Code Section 10743, which provided that Circuit Court

Clerks in certain counties (determined upon a population basis) should be paid a salary of $1,200.00 a year and all fees of the office in excess of $1,200.00, contrary to the general law, Chapter 101, Acts of 1921. The Act was stricken down as being in violation of the Constitution. The Court said, following the citation of numerous cases, including *Hickman* v. *Wright, supra*: "It discriminates in favor of the circuit court clerk of Hardin county against all such clerks in other counties limited to maximum pay by the general law." To the same effect see *Henderson County et al.* v. *Wallace*, Circuit Court Clerk, 173 Tenn. 184, 116 S. W. 2d 1003, and cases cited.

Among the more recent decisions in which we considered the question now before us are the following: *Remine* v. *Knox County et al.*, 182 Tenn. 680, 189 S. W. 2d 811, holding invalid a Private Act fixing the compensation for a Deputy Sheriff for serving as Officer of the General Sessions Court, because "in controversion of the general law", citing *Somerville* v. *McCormick*, 182 Tenn. 489, 187 S. W. 2d 785, wherein it was held: "The private act, providing for payment of a fixed annual salary to circuit court clerk of Tipton County in lieu of fees, is unconstitutional."

In *State et al.* v. *Miner et al.*, 176 Tenn. 158, 138 S. W. 2d 766, it was held in an opinion by the late MR. JUSTICE COOK: "The statute applicable to Hawkins county alone fixing county trustee's commissions at a rate different from that allowed by general law to other county trustees in state violates constitutional provision prohibiting Legislature from suspending any general law, or from passing any law for the benefit of individuals, inconsistent with the general laws of the land." See also *Kyle* v. *Marcom*, 181 Tenn. 57, 178 S. W. 2d 618; *Clark* v. *Vaughn*, 177

Tenn. 76, 146 S. W. 2d 351; and *Anderson* v. *Carter County,* 172 Tenn. 114, 110 S. W. 2d 321; *State ex rel. Bales* v. *Hamilton County,* 170 Tenn. 371, 375, 95 S. W. 2d 618, 619; *State ex rel. Smith* v. *City of Chattanooga,* 176 Tenn. 642, 144 S. W. 2d 1096. In the *Bales case* the special Act was in conflict with the general law and unconstitutional because it required Hamilton County to pay its teachers a minimum wage regardless of the condition of the county's treasury. In *Smith* v. *City of Chattanooga* a special Act, which was declared invalid, required the City of Chattanooga to pay its public school teachers salaries above the minimum required by the general law.

Upon the foregoing authorities we are constrained to hold Chapter 203 of the Public Acts of 1949 as unconstitutional and void. The case is reversed and remanded for such further action as the trial judge may deem pertinent and relevant to the general law.

All concur.