STATEN *v.* STATE.

(*Nashville,* December Term, 1949.)

Opinion filed July 15, 1950.

Berry C. Williams and Lawson Myers, both of Fayetteville, for plaintiff in error.

J. Malcolm Shull, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

This is an appeal from a conviction of voluntary manslaughter, with punishment fixed at confinement in the State penitentiary for not more than five years.

■ The evidence admitted does not sustain the conviction. The State insists though that if certain evidence which was excluded by the trial judge was admitted that then the conviction would necessarily have to be affirmed. Of course we cannot consider this evidence that was excluded below. It is true that the evidence is physically in the record but from a legal standpoint it is not before us. The State then asks that we "pass upon the admissibility of excluded evidence in order that, upon a new trial, justice may be done to the State, as well as the defendant."

The question thus raised by the State has given us much concern and we have given the matter considerable independent investigation in addition to the excellent brief filed on behalf of the State on this question. It is our conclusion that we should not at this juncture rule upon this evidence which was excluded below.

■ Expediency and public policy long ago established a rule that is known to the Bar as the rule of *stare decisis*. This rule is that when a principle of law has been established by a court of competent jurisdiction that then in that State where such rule is established it becomes settled and binding upon the courts of that State and should be followed in similar cases.

■ ■ Courts sometimes go beyond the point necessary for a decision in a lawsuit and make expressions on certain things there involved which are not necessary for a determination of the lawsuit. Such statements by a court are known as dictum. The term "dictum" is an abbreviation of "obiter dictum" which means generally a remark or opinion uttered by the way. Obviously the very definition of the term shows that it has no bearing on the direct route or decision of the case but is

made aside or on the way and is, therefore, not a controlling statement to courts when the question rises again that has been commented on by way of dictum. Frequently and naturally dictum is persuasive, but, as a general rule it is not binding as an authority or a precedent within the rule of *stare decisis*. 21 C. J. S., Courts, Section 190, page 309.

■ Thus obiter dictum is not a precedent, *Buchanan* v. *Nixon,* 163 Tenn. 364, 43 S. W. (2d) 380, 80 A. L. R. 151. It thus appears that any comment or reasons that we might make with reference to the excluded evidence below in this case might and probably would be persuasive to the trial court when the matter came up again, provided the evidence was presented in the same way and manner as it was at the time of the instant trial, but nevertheless any statement that we would make now on this question would not control the judgment in the subsequent lawsuit even though the very point is presented for decision because of what we have said above as to the rule of *stare decisis* and *obiter dictum*. What we say in an opinion should be confined to, and limited by, the facts of the case under consideration and the questions necessary for a decision of that case. Obviously it is not necessary for us to rule on the evidence which was excluded in the former trial because there were no exceptions to that exclusion and the State had no right to appeal therefrom and has not preserved any appeal from the ruling of the trial court.

■ So far as we know or have been cited the State has no right to appeal in a criminal case where the case has been decided in favor of the defendant. Probably, and it has been so held in other jurisdictions, any appeal by the State and reversal of such a situation would be

putting the defendant in jeopardy a second time and such a proceeding would be unconstitutional. See 2 Am. Jur., page 984, section 227. There are instances, of course, when the State may appeal in a criminal case, such as where an indictment or information is quashed or held bad on demurrer and in such instances we see no reason why the State could not appeal before the defendant is thus put in jeopardy.

"There are statutes permitting a State to appeal from a verdict of acquittal in felony cases for the purpose of obtaining a decision on the correctness of a ruling made by the trial court, but not for the purpose of affecting the verdict in any way." 2 Am. Jur., Section 227, page 985.

We have no such statute in Tennessee.

In the supplemental brief the State has cited *People v. Canadian Fur Trappers Corp.*, 248 N. Y. 159, 161 N. E. 455, 59 A. L. R. 372, as authority for the position they take herein. It is true in the case cited by the State that the New York court did reverse the judgment of a lower court because the evidence was insufficient to sustain the conviction and at the same time held that certain evidence excluded below should have been admitted. The New York court at the time of the rendition of this opinion consisted of some extremely able jurists. We do not know what their reasoning was for commenting on this excluded evidence. It is entirely possible that there might have been some kind of a statute in New York—we have not examined the subject—and do not say that this was the reason for their decision. We are satisfied though that any statement or proposition which was ruled on by the appellate court where the point ruled on was not necessarily in-

volved in, or essential to, the determination of the case at hand was purely *obiter dictum* and lacked the force of an adjudication. And it is for this reason that we decline to follow the New York case.

We do not know whether the evidence sought now to be ruled on will be offered when the case comes up for trial again. Certainly the evidence of one of the witnesses objected to would be presented in an entirely different light from that in which it was presented in the instant case. The evidence of the two little Negro girls which was excluded may likewise be presented in a different manner and all of this may come before a different judge or before the same judge but be considered from a different angle, all depending on how it is developed below. We think it would be entirely out of our province to now rule on this excluded evidence when it is not necessary to a decision of the case.

No justiciable controversy is presented. We have held time and again that we will not pass on lawsuits and more especially where a declaratory judgment is asked when there is no justiciable controversy presented. *Jared* v. *Fitzgerald,* 183 Tenn. 682, 689, 195 S. W. (2d) 1. Nor will we render advisory opinions on questions which are premature and contingent and may never arise in the future. *Bradley* v. *Rock Garden Utility District,* 186 Tenn. 665, 212 S. W. (2d) 657; *McClung* v. *City of Elizabethton,* 171 Tenn. 455, 105 S. W. (2d) 95 and others. It seems clear that if we were to render an opinion in the instant case, it would be merely an advisory opinion and should be entitled to no more weight than what is commonly called a "curbstone opinion" or merely the opinion of one lawyer and should not have the sanction of a court as a court.

The result is that the judgment below must be reversed because the evidence is not sufficient to sustain the conviction and we decline to rule on the excluded evidence below because it is not necessary to a determination of the case.

All concur.