Clifton M. Frost

*v.*

State of Tennessee.

(*Jackson,* April Term, 1958.)

Opinion filed May 2, 1958.

H. H. McKnight, Memphis, for plaintiff in error.

Thomas E. Fox, Assistant Attorney General, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is an appeal from a conviction of driving while intoxicated with punishment fixed by the jury at a fine of $250 and confinement in the workhouse for 11 months and 29 days.

The State invoked upon the trial Code, Section 59-1035 providing that for the third or subsequent conviction of so driving a fine of not less than $50 and confinement at not less than 60 days is required.

The indictment did not give notice until the case was called for trial that Code, Section 59-1035 would be invoked. Thus, during the introduction of its proof in chief, the State, over the objection of Frost, introduced evidence of three prior convictions of Frost of driving while intoxicated. It is insisted that such procedure was prejudicial error.

The contention of Frost is that evidence of such previous convictions should not have been offered until after the jury had considered his guilt or innocence on the charge of driving while drunk on the occasion alleged in the indictment, and if, as to that occasion, a verdict of guilty had been returned, then, but not until then, evidence of the previous convictions was permissible.

The basis of the foregoing contention is that evidence of previous convictions before the jury has found him guilty of the offense charged in the indictment tends to

prejudice the jurors against the defendant in the consideration of his guilt or innocence of the offense charged in the indictment, notwithstanding an instruction of the Court that such previous convictions should be considered only in connection with the minimum punishment required by the jury in the event it found him guilty of the offense charged.

In *McBride v. State,* 200 Tenn., 100, 290 S.W. 2d 648, the procedure here insisted upon by Frost was followed. It was attacked as error by McBride, his insistence being that the procedure should have been the same as that followed in this, the Frost case. This Court held in the McBride case that it was not error for the Trial Court to withhold from the jury evidence of previous convictions until it, the jury, had considered the guilt or innocence of McBride as to the offense charged in the indictment and returned a verdict of guilt thereof.

██ ██ Such holding in the McBride case was undoubtedly correct and in accord with the general rule. That rule is stated in 24 C.J.S. Criminal Law sec. 1969(b), p. 1167, wherein, in dismissing the order of trying the issues in a prosecution of accused as a second or subsequent offender the rule is stated to be that:

"In the absence of statutory provisions relating thereto, it has been held that the manner of presenting issues is discretionary with the trial court, * * *."

But this Court, every member concurring therein, went further in the McBride case than simply determining the issue, to wit, whether the Trial Judge committed error in the procedure which he followed. And in going be-

yond the issue for decision this Court said (290 S.W. 2d 651):

"* * * it could not have been handled in any other way. The other offenses were violations of the liquor laws and the introduction of same into evidence before the jury found him guilty would have violated the rule in regard to the admissibility of other offenses as fully discussed in *Harris v. State*, 189 Tenn. 635, 277 S.W. 2d 8 and would have been prejudicial to defendant even though admitted solely for the purpose of aiding the jury in the determination of what punishment they should assess if they found him guilty."

■ It is quite obvious that the foregoing quoted statement was dictum. It falls squarely within the clear definition of that word as reiterated in *Staten v. State*, 191 Tenn. 157, 159-160, 232 S.W. 2d 18, 19, as follows:

"Courts sometimes go beyond the point necessary for a decision in a lawsuit and make expressions on certain things there involved which are not necessary for a determination of the lawsuit. Such statements by a court are known as dictum. * * * and is, therefore, not a controlling statement to courts when the question rises again that has been commented on by way of dictum."

Or, as held in *State ex rel. Lea v. Brown*, 166 Tenn. 669, 678, 64 S.W. 2d 841, 844, 91 A.L.R. 1246, if statements in an opinion

"go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision,"

unless, of course, such statements in appropriate cases involving title have been so long followed as to become a rule of property.

So it is that this Court, notwithstanding the above quoted statement made in the McBride case, is under a duty in the case at bar to determine, independent of the McBride case, whether upon trial of the principal offense alleged in the indictment it was error for the Court to admit proof of the prior convictions, such proof being essential in determining the minimum punishment in the event of guilt of the principal offense alleged.

At the outset of consideration of this question there should be recognized the fact that because a certain procedure in a given case is not improper, it does not follow that a different procedure is improper.

There should also be noted that in the Harris case, 189 Tenn. 635, 638, 227 S.W. 2d 8, 9, mentioned in the heretofore quoted *dictum,* this Court observed by inference that ''the rule that evidence relevant to the issue in a criminal case is admissible notwithstanding the fact that it shows the defendant guilty of a crime for which he is not on trial.'' Previous convictions here are relevant to the issue to the extent that they go to the minimum amount of punishment which the jury must inflict if the State proves its case to the satisfaction of the jury.

While the authorities are not in full accord, see 58 A.L.R. 64, *et seq.,* the majority rule seems to be that it is a permissible practice for the State to prove the prior convictions upon the trial of the principal offense charged. This majority rule is stated in 25 American

Jurisprudence, page 270, under Section 23 of the Chapter on Habitual Criminals as follows:

"The question whether the fact of the prior conviction of the defendant may or should be alleged in the indictment and proved upon the trial for the principal offense, or considered apart from his convictions for the principal offense, has not received a uniform answer. Generally, the courts permit allegation and proof of the prior conviction upon trial of the principal offense, and it has been held that this is essential."

As to such evidence being prejudicial, the necessary conclusion is that relevant evidence is not made irrelevant because it is prejudicial. Also, such a problem is legally considered solved by a jury instruction of the trial court that the evidence of previous convictions must be considered only with reference to the minimum amount of punishment to be assessed. That practice is followed when in cross-examination of a defendant he is required to admit previous convictions reflecting upon his credibility.

The conclusion of this Court is that it was not improper upon, and as a part of, Frost's trial of the principal offense of driving while intoxicated alleged in the indictment to admit evidence of prior convictions of Frost, provided the evidence was at all competent in the lawsuit for any purpose, since the defendant did not testify.

The statute invoked by the State for the second or third offense of driving while drunk is 59-1035. The concluding provision of that statute is that the indictment need not allege such prior offense, but proof thereof

upon the trial will be sufficient to warrant the mandatory increased punishment.

Just such a provision was written into our Habitual Criminal Statute prior to the 1950 amendment carried at Section 40-2801 T.C.A. But that provision, before elided in 1950, was adjudged a violation of the due process clause of our Federal Constitution, Amend. 14, in the *habeas corpus* proceedings instituted in the Federal Court years after his conviction in the case of *Rhea v. Edwards,* D.C., 136 F.Supp. 671. This adjudication was upheld by the Federal Circuit Court 6 Cir., 238 F. 2d 850. The decision was, of course, followed by this Court in a like situation in the recently decided, but unreported case from Knoxville of *James E. Bailey v. State.*

■ Therefore, it must be held that the concluding provision of Code, Section 59-1035 purporting to authorize proof and conviction and mandatorily increased punishment for the second or third offense of driving while drunk without previous notice thereof given to the defendant in the indictment, or otherwise, is, in so far as it purports to dispense with notice, invalid in that it is a violation of the due process clause of the State and Federal Constitutions.

■ Evidence of such second and third convictions offered by the State in this case in the course of presenting its evidence in chief was not, therefore, competent. The fact that the jury fixed an imprisonment of 11 months and 29 days is affirmative evidence that such incompetent evidence was detrimentally prejudicial to Frost in whose behalf no evidence was offered.

The fact that Frost, in objecting to this evidence, did not specify that a ground of his objection was a violation of his rights under the due process clause for lack of notice does not lessen the authority of the Courts to so hold when such violation becomes apparent to it. *Remine v. Knox County*, 182 Tenn. 680, 692, 189 S.W. 2d 811.

In fact, it would seem to be the duty of the Court on its own motion to prevent a violation of the rights of a defendant under the due process clause of our Constitution when such violation appears in the record. In *Rhea v. Edwards,* supra, Rhea made no point of the violation of this constitutional right under the due process clause upon the trial of the prior offense charged in the indictment, but when *habeas corpus* proceedings were instituted years later on that ground such proceeding was sustained, and Rhea released.

Because of the violation of Frost's constitutional right in the respect noted, the judgment convicting him will be reversed and the cause remanded for a new trial in accordance herewith.

Mr. Justice Swepston concurs in the results reached herein, but disagrees with this opinion in a certain respect, and for the reason, stated in his concurring in result opinion.

SWEPSTON, JUSTICE (concurring in result).

I concur in the reversal of this judgment, but my objection to the majority opinion is that the Court is now reneging on what was said and approved in the case of *McBride v. State*, 200 Tenn., 100, 290 S.W. 2d 648. I concede that it was *dictum* but it put the stamp of approval

on the method of procedure adopted by Judge Kizer in that case, which assures an accused a fair trial, whereas the procedure now approved by the majority opinion practically assures that the accused will not get a fair trial. One does not have to be an expert psychologist to know that when an accused is being tried for a present offense of driving while intoxicated, the jury is most certainly going to find him guilty of the present offense, if evidence of prior offenses of driving while intoxicated is admitted into evidence. The introduction of prior offenses immediately changed the picture from that of an apparent first offender to that of a repeater or a recidivist. I am not so naive, and I do not believe that many people are, as not to know that this is true.

Legal sophistry cannot change the laws of human nature.

The fact that I am not alone in my views is attested by the fact that immediately following the quoted matter from 25 Am.Jur., p. 270, under Sec. 23, it is said:

"Prejudice, actual or possible, to the rights of the defendant has led some courts to adopt a procedure in accordance with the express provisions of the English statute, which requires that the defendant be first tried for the principal crime and then that the question of prior conviction be determined. Under this view, the information may be in two parts, the first charging the principal crime, and the second charging a prior conviction or convictions. After the jury return a verdict of guilty on the first part, the second part of the indictment may be read to them without reswearing them, and they may be charged to inquire on that issue. Another method, which is aimed principally at bringing

full punishment upon a subsequent offender whose prior offense was not known at the time of his trial, is to have a separate information after trial of the principal offense. * * * (Other suggested methods.)''

Then, in 42 C.J.S. Indictments and Informations sec. 145 b (1), (a), p. 1057, it is said:

''* * * But that under statutes in an increasing number of states the question of prior conviction and identity of accused with the person previously convicted is submitted to the jury only after his conviction of the current offense, as in the case of proceedings on supplemental information filed after conviction, as discussed *infra* subdivision b(2) of this section * * *.''

Then, turning to page 1067 referring to proceedings after conviction, it is said:

''* * * Where the indictment or information need not aver a previous conviction, the usual practice is to show such previous conviction in a proceeding supplementary to the original or main proceeding, which supplementary proceeding is brought after conviction and before sentence, and has been declared fairer to accused than to prejudice him in the eyes of the jury by showing his previous conviction in his original trial. * * *''

I concede the general rule that evidence admissible for any purpose is competent even though it may be prejudicial. We are dealing here, however, with a situation where the evidence of prior convictions is relevant only for the purpose of increasing the punishment if the party is guilty of the present offense for which he is being tried. This is particularly true where an accused does not take the stand, as in the fact in the Frost case, his character

is not put in issue and there is no question of identity, or scheme or plan or other matter that would constitute an exception to the general rule of inadmissibility as described in *Harris v. State,* 189 Tenn. 635, 227 S.W. 2d 8.

It is my firm belief that if the driving while intoxicated statute in this case, T.C.A. sec. 59-1035, and for that matter the habitual criminal statute, particularly Sec. 40-2804, are held to either authorize or require the procedure approved by the majority opinion, said statutes will eventually be held in violation of the accused's constitutional right both state and federal to a fair trial, if a case shall reach the Supreme Court of the United States. But in any event, why make a mockery of the administration of justice by stating that the judge can take care of this in his charge to the jury when we all know actually that an accused under such circumstances is not getting a fair deal. It smacks too much to me of the former law west of the Pecos, where the general principle was "Give the rascal a fair trial and then hang him."