GEORGE BURRUS

*v.*

STATE OF TENNESSEE.

393 S.W.2d 159.

(*Jackson,* April Term, 1964.)

Opinion filed January 6, 1965.

Petition for Rehearing Denied January 29, 1965.

STRAUCH & JONES, CHARLES J. CASSELL, Memphis, for George Burrus.

GEORGE F. MCCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for the State.

WHITE and DYER, JUSTICES, dissented.

MR. ROBERT S. CLEMENT, SPECIAL JUSTICE, delivered the opinion of the Court.

The Plaintiff in Error, George Burrus, hereinafter referred to as the Defendant or by name, was convicted in

Shelby County of driving an automobile while under the influence of an intoxicant for the third time, was fined Five Hundred ($500.00) Dollars and sentenced to the County Penal Farm for not more than six (6) months. Defendant's motion for a new trial was overruled. He has appealed to this Court.

The Defendant has assigned four errors which are as follows:

(1) The court erred in overruling defendant's motion to quash the indictment as said indictment did: (a) violate defendant's fundamental right to presumption of innocence; (b) indictment put defendant in jeopardy for offenses for which he had already been convicted; (c) indictment placed defendant in jeopardy for offenses for which he had already paid his debt to society.

All of the aforementioned in violation of the Constitution of the United States, 14th Amendment, providing that no state shall make or force any law which will deprive any citizen of due process of law.

(2) The court erred in permitting argument on behalf of State over defendant's objection to argue prior convictions of defendant, all completely prejudicial and in violation of defendant's right of presumption of innocence, on the charge of which he was being tried; and further permitted argument on behalf of State over objection of defendant that because of prior convictions, testimony of defendant was impeachable and not to be believed, said prior convictions of the type not involving moral

turpitude or involving the character of the defendant.

(3) The charge of the court to the jury was insufficient in law, and not completely understood by the jury as is indicated by excessive punishment, indicating completely passion and prejudice.

(4) The state failed to prove the defendant guilty of the charge contained in the indictment beyond a reasonable doubt.

■ The bill of exceptions is in narrative form. The argument of the Attorney General and the instructions of the Trial Judge are not included in the record. Therefore, the assignments of error pertaining to these matters, No. 2 and No. 3, cannot be considered by this Court. *Beadle v. State,* 203 Tenn. 97, 310 S.W.2d 157.

■ The fourth assignment of error insists that there was not sufficient evidence to prove the Defendant guilty beyond a reasonable doubt. It is well settled in this State that a conviction in a criminal case will not be reversed on the facts unless it is shown that the evidence preponderates against the verdict and in favor of the innocence of the accused. In the court below, the Defendant was presumed innocent, but the judgment and finding of guilt displaced the presumption of innocence and raised a presumption of guilt and placed upon the Defendant the burden of showing the evidence preponderates against guilt and in favor of his innocence. The credibility of the witnesses and the conflicts in their testimony have been settled by the verdict of the jury, which has been approved by the Trial Court. *Ford v. State,* 184 Tenn. 443, 201 S.W.2d 539; *Chadwick v. State,* 189 Tenn. 256, 255 S.W.2d 52; *Cooper v. State,* 123 Tenn. 37, 138 S.W.2d 826.

The fourth assignment of error is overruled.

The first assignment of error has given us some concern and, therefore, we have disposed of the other assignments before considering this one.

The indictment in this cause reads as follows:

"Did unlawfully, while under the influence of an intoxicant, drive and physically control an automobile upon a public highway in Shelby County, Tennessee, and FURTHER, at the time of the aforesaid offense, the said GEORGE BURRUS, had been convicted of Two (2) prior offenses of unlawfully driving an automobile upon a public highway of the State of Tennessee while under the influence of an intoxicant, to-wit, convicted of the aforesaid offense of DRIVING AN AUTOMOBILE WHILE UNDER THE INFLUENCE OF AN INTOXICANT, IN Division One of the Criminal Court of Shelby County, Tennessee, on April 30th, 1953, being Docket Number 65793—AND, FURTHER, convicted of the aforesaid offense of DRIVING AN AUTOMOBILE WHILE UNDER THE INFLUENCE OF AN INTOXICANT, in Division Two of the Criminal Court of Shelby County, Tennessee, on January 24, 1956—being Docket Number 71733."

At the beginning of the trial, and in the absence of the jury, the Defendant moved to quash the indictment, said motion being as follows:

"(1) The indictment violates the defendant's fundamental right to presumption of innocence by bringing up acts for which he is not now on trial, for which he has already paid his debt to society.

"(2) That said indictment is defective because it attempts to put the defendant again in jeopardy for

offenses for which he has already been convicted and for which he has already paid his debt to society.

"(3) This defendant was purportedly indicted under Code Section 59-1035 which is unconstitutional as being an ex post facto law as this statute was passed in 1961 and the offenses for which he is charged were committed prior to the passing of this Statute.

"(4) The statute of limitation has run on the matter and as alleged in the indictment convictions having occurred on April 30, 1953, and January 24, 1956, and is an attempt to use those acts an an effort to punish the defendant in this case. It is not only unconstitutional and prejudicial but an attempt to do something that is already barred by the statute of limitations.

"(5) Said indictment sets up two prior acts which happened more than 5 years prior to the present case and are contrary to the policy of the Attorney General's Office of this county, as being an attempt to be punished in this case for something that happened prior to that time.

"WHEREFORE, defendant moves that the indictment in this cause be quashed."

The motion to quash was overruled, the Defendant requesting that the jury set the fine and punishment, and Defendant went to trial on a plea of not guilty.

After about ten minutes' deliberation, the jury returned and announced that they found the Defendant guilty of driving an automobile while under the influence of an intoxicant for the third time, and fixed his punish-

ment at a Five Hundred ($500.00) Dollar fine and imprisonment in the County Penal Farm for not more than six (6) months.

A motion for a new trial was seasonably made and overruled. The Defendant has appealed and assigned the aforesaid errors.

Thus, it can be seen that this Court is faced squarely in considering the first assignment of error with the question—''Can a Defendant charged with driving an automobile while under the influence of an intoxicant obtain a fair trial where prior convictions are alleged in the same indictment, proof of same being put before the jury of these previous convictions prior to the jury's deliberation on the case at bar?''

One of the cases more nearly in point is that of *Frost v. State,* 203 Tenn. 549, 314 S.W.2d 33. Frost was convicted in Shelby County of driving while intoxicated. The jury fixed the punishment at a fine of Two Hundred Fifty ($250.00) Dollars and eleven (11) months and twenty-nine (29) days in the workhouse. In the prosecution of Frost, the State invoked TCA sec. 59-1035, which provides for a greater penalty. The conviction of Frost was reversed by this Court, in keeping with a holding of the United States Supreme Court that the Defendant was entitled to notice that the State would invoke the statute requiring increased punishment, and not upon the question before us now.

In this opinion, which was written by Justice Tomlinson, Justice Tomlinson stated:

''While the authorities are not in full accord, see 58 A.L.R. 64, et seq., the majority rule seems to be that it is a permissible practice for the State to prove the

prior convictions upon the trial of the principal offense charged. This majority rule is stated in 25 American Jurisprudence, page 270, under Section 23 of the Chapter on Habitual Criminals as follows:

" 'The question whether the fact of the prior conviction of the defendant may or should be alleged in the indictment and proved upon the trial for the principal offense, or considered apart from his conviction for the principal offense, has not received a uniform answer. Generally, the courts permit allegation and proof of the prior conviction upon trial of the principal offense, and it has been held that this is essential.'

"As to such evidence being prejudicial, the necessary conclusion is that relevant evidence is not made irrelevant because it is prejudicial. Also, such a problem is legally considered solved by a jury instruction of the trial court that the evidence of previous convictions must be considered only with reference to the minimum amount of punishment to be assessed. That practice is followed when in cross-examination of a defendant he is required to admit previous convictions reflecting upon his credibility.

"The conclusion of this Court is that it was not improper upon, and as a part of, Frost's trial of the principal offense of driving while intoxicated alleged in the indictment to admit evidence of prior convictions of Frost, provided the evidence was at all competent in the lawsuit for any purpose since the defendant did not testify."

Justice Swepston wrote a dissenting opinion in this case, aligning himself with the states that hold that the

better practice is for prior convictions to be considered after a verdict of guilty has been returned by the jury. The opinion in this case was handed down on May 2, 1958.

On October 2, 1959, the case of *State v. Frost* was again before this Court. Frost had again been convicted in Shelby County under the following indictment, the second count of which reads as follows:

"Having been convicted on four (4) prior offenses of driving an automobile while under the influence of an intoxicant, in the State, aforesaid, did unlawfully, while under the influence of an intoxicant, drive and physically control an automobile upon a public highway, to-wit, on a street in Memphis, Shelby County, Tennessee."

Objection was made by the Defendant in the Court below and on appeal that the indictment did not set out the time and place of the prior convictions with reasonable certainty to apprise the Defendant of what he must be prepared to meet. This Court upheld the contention of the Defendant and reversed the conviction.

Thus, it can be seen that this Court held in the first Frost case, supra, that it was not error to permit the State to prove prior convictions during the trial of the case at bar.

Among other authorities, the State cites 24 C.J.S. Criminal Law sec. 1969(b), pages 1167-1168, wherein it is stated that in the absence of statutory provisions, the manner of presenting matters of this nature is discretionary with the Trial Court.

In the case of *Chandler v. Fretag*, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4, it was stated that a hearing on a charge of

being an habitual criminal and on the felony charged may be conducted in a single proceeding, though essentially independent of each other.

It is true that there is some authority, including Connecticut, which holds that evidence of prior convictions should not be submitted to the jury until the verdict of the jury on the case at bar has been rendered. This is in keeping with the dissenting opinion of Judge Swepston in *Frost v. State,* supra.

To change the rule approved by Justice Tomlinson in the Frost case, supra, would call for a departure from the procedure now being followed in some of the lower courts and could well deprive the Trial Judge of his right to conduct criminal trials in his court as he thinks proper so long as the Defendant is not being deprived of his constitutional rights and obtains a fair trial. Certainly, this Court's approval of the procedure in the case at bar does not disapprove of the procedure suggested by the Defendant, that the case at bar should first be tried and submitted to the jury, after which proof of prior convictions would be submitted, with the jury then fixing the punishment.

All assignments of error are overruled and the judgment of the Trial Court is affirmed.

WHITE, JUSTICE (dissenting).

I would sustain assignment of eror number one and quash the indictment on the ground that it is inherently unjust to advise the trial jury of prior convictions by reading an indictment containing such information. Under such a procedure the jury enters upon the trial of the case with the thought, if not the presumption, in mind that the defendant is guilty as charged. This casts

upon him the burden of proving his innocence which, of course, is contrary to our system of jurisprudence.

The majority opinion, herein written by MR. SPECIAL JUSTICE CLEMENT, correctly follows the opinion of the majority in *Frost v. State,* 203 Tenn. 549, 314 S.W.2d 33 but I think the dissenting opinion of Justice Swepston in that case is correct.

For the foregoing reasons I respectfully dissent in which I am joined by MR. JUSTICE DYER.