IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 24, 2026 Session

## MATTHEW HAWN v. SULLIVAN COUNTY BOARD OF EDUCATION, ET AL.

**Appeal from the Chancery Court for Sullivan County**
No. 22-CV-18963          Katherine Leigh Priester, Chancellor

———————————————————————

**No. E2025-00027-COA-R3-CV**

———————————————————————

THOMAS R. FRIERSON, II, J., concurring in part and dissenting in part.

I concur with the majority's conclusion that Mr. Hawn was not shown to have engaged in unprofessional conduct. I also concur with the majority's conclusion that Mr. Hawn was shown to have committed an act of insubordination and that the trial court's judgment should be modified to reflect that this statutory ground for a tenured teacher's dismissal was proven pursuant to the Teacher Tenure Act. *See* Tenn. Code Ann. 49-5-511(a)(2). I respectfully dissent, however, from the majority's conclusion that the Board's dismissal of Mr. Hawn "over one isolated act of insubordination was excessive." In support of this conclusion, the majority refers to the trial court's findings regarding Mr. Hawn's service record and other factors in determining that the consequence of dismissal was excessive. However, as the trial court acknowledged:

> The Court is tasked with determining whether a teacher's conduct warrants the drastic action of dismissal only when a statutory ground is proven. In this case, the Court has found that a statutory ground does not exist. However, the Court finds that under all of the circumstances, even if statutory grounds existed the decision to escalate the progressive discipline of Hawn from a written reprimand immediately to a dismissal would be excessive and arbitrary.

(Emphasis added.)

Ergo, the trial court determined that no statutory ground for dismissal was proven and that because no statutory ground for dismissal was proven, it did not have to consider whether the teacher's conduct warranted dismissal as a consequence. Despite this determination, the trial court proceeded to conclude that even had a statutory ground been

proven, it still would not warrant dismissal because such an "escalat[ion]" in discipline would be "excessive and arbitrary."  As our Supreme Court has explained:

> Courts sometimes go beyond the point necessary for a decision in a lawsuit and make expressions on certain things there involved which are not necessary for a determination of the lawsuit.  Such statements by a court are known as dictum.  The term "dictum" is an abbreviation of "obiter dictum" which means generally a remark or opinion uttered by the way.  Obviously the very definition of the term shows that it has no bearing on the direct route or decision of the case but is made aside or on the way and is, therefore, not a controlling statement to courts when the question rises again that has been commented on by way of dictum.

*Staten v. State*, 232 S.W.2d 18, 19 (Tenn. 1950).

The difficulties with the trial court's conclusion concerning dismissal are that (1) the court acknowledged that it had no reason to reach the question of whether dismissal was the proper discipline in the absence of a statutory violation and (2) the court provided no authority or explanation for its determination that dismissal constituted an "excessive and arbitrary" "escalat[ion]" of Mr. Hawn's discipline.  By reason of this Court's modification of the trial court's judgment to find that a statutory ground for dismissal did exist pursuant to the Teacher Tenure Act, I believe that this action should have been remanded to the trial court for factual findings and legal conclusions concerning the degree of discipline warranted once a statutory violation had been proven.  Accordingly, I would remand this matter to the trial court for entry of proper findings and conclusions regarding the appropriate consequence for Mr. Hawn's violation.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE

- 2 -