WOODBURY *v.* BROWN.

(*Nashville.*    February 9, 1899.)

MUNICIPAL CORPORATIONS.  *Charter void.*

The charter of a municipal corporation is absolutely void, even on collateral attack, which is obtained without literal compliance with all of the essential requirements of Sec. 8, Ch. 121, Acts 1877, which provides that "no application or charter of incorporation for such town shall be registered, or, if registered, such application or charter shall be of no force or effect whatever, unless the certificate of the Sheriff or Deputy Sheriff holding said election shall be indorsed on the application and registered with it, and shall show the number of votes on said list, and that at least two-thirds thereof have voted in favor of the incorporation of said town."

Acts construed: Acts 1877, Ch. 121.

Code construed: § 1897 (S.).

Case cited and approved: Ruohs *v.* Athens, 91 Tenn., 20.

FROM CANNON.

Appeal in error from Circuit Court of Cannon County.   GEO. S. RAMSEY, Sp. J.

F. M. SMITH, A. J. SMITHSON, J. R. WHARTON, and LILLARD THOMPSON for Woodbury:

BROWN & HANCOCK, JONES & PRESTON, and W. T. MINGIE for Brown.

CALDWELL, J.   Brown was arrested, tried, convicted, and fined for the violation of an ordinance

of the town of Woodbury. He appealed to the Circuit Court, and was there discharged upon a plea in abatement, denying the validity of the corporate charter. From the latter judgment the town appealed in error to this Court, and here insists · upon the validity of its charter.

This charter was sought and granted under Chapter 92, Acts of 1875, as amended by Chapter 121, Acts of 1877, and its validity or invalidity is to be determined by its conformity or nonconformity to the rule of procedure thereby prescribed. The statutory scheme, though not logically arranged or systematically developed, embraces certain important and general features, which may well be stated in the following order: 1. Preparation by intending applicants of a true and correct alphabetical and sworn list of the names of all persons who at the time would be qualified voters in municipal elections in the proposed corporation, and its deposit with the designated custodian for safe-keeping, public inspection, and correction by change, addition, or diminution of names pending notice of intended application and election (Acts of 1877, Ch. 121, Sec. 6; Shannon, §§ 1883–1889); 2. Delivery of corrected list of qualified voters to the Sheriff or his deputy on the day of election, and election held with only those on that list as voters (Acts 1877, Ch. 121, Sec. 7; Shannon, §§ 1890, 1891); 3. Report of election to County Court Clerk (Acts 1875, Ch. 92, Sec. 3; Acts 1877, Ch. 121, Sec. 3; Shannon, § 1893); 4. Presentation of . appli-

cation to the Sheriff or deputy who held the election, and indorsement of his certificate thereon, if requisite number of votes were cast in favor of incorporation (Acts 1877, Ch. 121, Sec. 9; Shannon, § 1898); 5. Certification by Clerk of County Court to Secretary of State that all requisite preliminary steps have been taken (Acts 1877, Ch. 121, Sec. 3; Shannon, § 1895); 6. Issuance of charter in prescribed form by Secretary of State, and its registration in the county where the incorporated territory lies (Acts 1877, Ch. 121, Sec. 4; Shannon, §§ 1896, 1899); 7. An enumeration of corporate powers (Acts 1877, Ch. 121, Sec. 5; Shannon, § 1901); 8. Form of election certificate by Sheriff or deputy, and requirement that it be indorsed, on application, and that both be registered (Acts 1877, Ch. 121, Sec. 8; Shannon, §§ 1894, 1897).

Since the decision of the present case depends upon a construction of the particular language of the section last referred to, the part thereof to be considered will be quoted in full. It is as follows, to wit: "No application or charter of incorporation for such town shall be registered, or, if registered, such application or charter shall be of no force or effect whatever, unless the certificate of the Sheriff or deputy holding said election shall be indorsed on the application and registered with it, and shall show the number of voters on said list, and that at least two-thirds thereof have voted in

favor of the incorporation of said town." Sec. 8, Ch. 121, Acts 1877.

It is readily observed, from this language, that no municipal charter can be of any legal "force or effect whatever," unless three prerequisites therein mentioned have been observed. The first of these prerequisites is that the certificate of the Sheriff or deputy holding the election shall be indorsed on the application. The second is, that the application, with the certificate so indorsed, shall be registered; and the third is, that the certificate shall show the whole number of names on the corrected list of qualified voters (required by Sec. 6 of the same Act), and that at least two-thirds of those whose names appeared on that list have voted in favor of the incorporation of the proposed town. It was held in *Ruohs* v. *Athens*, 91 Tenn., 20, that the charter of the town of Athens was void because the first and second of these requirements had not been observed.

The present record discloses the fact that no one of the three was complied with in procuring the charter in question. It shows that the certificate of the Sheriff holding the election was not indorsed upon the application, and that the application and certificate were not properly registered, and that only 71 of the 146 persons whose names appeared on the corrected list of qualified voters cast their ballots in favor of the incorporation. The certificate shows 146 qualified voters on the list; that 71 of these voted for incorporation, and 35 of them against in-

corporation, and that the balance did not vote at all. From these figures, it is seen that one more than two-thirds of those actually voting favored incorporation. But that does not satisfy the imperative requirement of the statute, which is that two-thirds of all those whose names appear upon the corrected list, and not merely two-thirds of those voting, shall cast their ballots in favor of incorporation before the charter can be lawfully granted. It results, therefore, that the charter under consideration is fatally defective in each of the three particulars mentioned, and that the defendant, Brown, was rightfully discharged.

Affirmed, with costs.