## GOTTEN v. GOWEN.

### (Jackson.   April Term, 1904.)

**ELECTIONS.**    Power to hold, vested exclusively in commissioners of registration.

The authority to appoint officers, judges and clerks to hold elections in this State is now by statute conferred exclusively upon the commissioners of registration in the respective counties of the State, and an election for the incorporation of a town after such statute went into effect was properly held by the commissioners of registration, instead of by the sheriff.

Statute cited and construed:   Acts of 1897, ch. 16.

Cases cited and distinguished:   Woodbury v. Brown, 101 Tenn., 707; State v. Frost, 103 Tenn., 685.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—
F. H. HEISKELL, Chancellor.

FLIPPIN & NEUHARDT, for Gotten.

H. W. LAUGHLIN, for Gowen.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is a bill to enjoin the collection of taxes levied by the town of Bartlett, in Shelby county, for municipal purposes. It is sought to restrain the collection of these taxes upon the ground that the town of Bartlett has no corporate existence, and hence the levy is void. To sustain the allegation that the town has no corporate existence, it is charged that the election for its incorporation was held by authority of commissioners of registration of Shelby county, and not by the sheriff of that county, and that the certificate indorsed upon the charter is signed by C. H. Caldwell, the election officer, and not by the sheriff of the county.

This election was held on the 13th day of December, 1898, after the passage of the act of 1897, page 139, chapter 16. And the question is whether, after the passage of that act, elections to incorporate towns shall be held by the sheriff or the commissioners of registration in Shelby county.

The title to this act expresses the general purpose as being to provide that the commissioners of registration shall appoint all of the officers, judges, and clerks of all elections, and to prescribe and define the duties of said commissioners of registration, offices, judges, and clerks of election.

Section 4 of the act provides that the duties imposed and the powers conferred in the act upon the commissioners of registration shall apply to all national, State,

and county and municipal elections, and also to all special or called elections.

We think it was the intention and purpose of the legislature to require that all elections held in Shelby county, or in other counties having a like population, since the passage of the act of 1897, shall be held by an officer appointed by the commissioners of registration, although there is some language in the act, and in the acts which it amends, which indicates that the legislature did not have in view such elections for the incorporation of towns in the framing of these acts; still the language calling for municipal, special, and called elections is broad enough to cover an election for this purpose, and we think it was the intention of the legislature to prescribe a uniform mode and means of conducting all elections.

We think, therefore, that this objection to the charter of Bartlett is not well taken, and, there being no other reason assigned why the taxes should not be collected, the decree of the court below is reversed which enjoins their collection, and the bill is dismissed at the cost of complainant, and judgment for the said taxes will be entered here.

The cases of *Woodbury.* v. *Brown,* 101 Tenn., 707, 50 S. W., 743, and *State* v. *Frost,* 103 Tenn., 685, 54 S. W., 986, are not in point. Neither of them involves the act of 1897, and that act was not considered in the decisions.