Clark *et al. v.* Vaughn *et al.*

(*Knoxville*, September Term, 1941.)

Opinion filed January 13, 1941.

E. B. MADISON, of Athens, and R. R. WEBB, of Etowah, for complainants.

WITT & BRATTON, of Madisonville, and RALPH W. DUGGAN, of Athens, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This bill was filed by citizens and voters of the Town of Athens, attacking the constitutionality of Chapter 317 of the Private Acts of 1939, entitled, "An Act to amend the Charter of the City of Athens, McMinn County, Tennessee, same being Chapter 316 of the Acts of the General Assembly of the State of Tennessee, for the year 1903," which provided for the creation of a Board of Election Commissioners for the City of Athens, with the duty of calling and holding all elections of its City officials, etc. The bill also sought to enjoin certain defendants named from holding office as members of the Board of Aldermen of the City of Athens under and by virtue of an election which had been held under the provisions of this Private Act of 1939 on the 11th day of July, 1939.

Demurrers were interposed challenging the jurisdiction of the Chancery Court to enjoin the defendants, upon the theory that an election contest was involved over the

offices described, the defendants, as shown by the bill, being the holders of certificates of election to said offices; also, the right of the complainants to maintain their attack upon the constitutionality of the Act in question was challenged.

The Chancellor sustained the demurrers in so far as they went to the issuance of the injunction, but sustained the bill in so far as it sought to challenge the constitutionality of this special Act, and declared the Act unconstitutional and void upon the ground that it was in conflict with and suspended the general election laws of the state, for the benefit of the Town of Athens. He held Section 8, Article 11, to be thereby violated.

We find no error in this holding of the Chancellor.

While the Legislature may constitutionally enact special laws affecting a municipality of the State, usually by amendment to its charter, this cannot be done with respect to matters which are governed by general laws applicable to the entire State and all counties and municipalities therein alike. The distinction running through our authorities appears to be that these special charter provisions may be lawfully enacted only as to such matters and in such particulars as have not been made the subject of uniform Statewide legislation. An illustration is afforded by Chapter 115 of the Acts of 1925, "to establish and maintain a uniform system of public education." In *State ex rel. Bales et al.* v. *Hamilton County et al.*, 170 Tenn., 371, 95 S. W. (2d), 618, opinion by Chief Justice GREEN, the applicable rule was discussed and authorities cited, that being a suit brought to enforce a special Act, applicable alone to Hamilton County, providing for compensation to teachers different from that provided for by the general educational law. It was therein held that such a special Act ran counter to our

general law dealing with this subject and it was, therefore, stricken down. Many cases were cited in which this Court has denied validity to special Acts fixing compensation of officers on a scale different from that laid down by the general salary Act, which is another illustration of a general uniform State-wide law.

■ The election laws of the State (Code, Section 1947 et seq.) come within this class of general State-wide laws, applicable to municipalities, as well as other subdivisions and arms of the State government. This was recognized in the opinion in *Weil, Roth & Company* v. *Newbern*, 126 Tenn., 223, 148 S. W., 680, L. R. A., 1915A, 1009, Ann. Cas., 1913E, 25, in *Malone* v. *Williams*, 118 Tenn., 390, at page 435, 103 S. W., 798, 121 Am. St. Rep., 1002, and in *Gotten* v. *Gowen*, 113 Tenn., 174, at page 175, 80 S. W., 1087, and other of our cases. And by Code, Section 3368, it is specifically provided that, "The commissioners of elections of each county shall hold" all elections for officers in incorporated towns. To permit enactment of special election laws in the different municipalities of the State would utterly destroy the essential uniformity of our entire election system and machinery and would lead to confusing inequalities for which no sound reason or basis can be found. For other illustrations of special statutes held invalid because conflicting with general laws, see, for example, *Woodard* v. *Brien*, 82 Tenn. (14 Lea), 520; *Carlock* v. *Chattanooga*, 130 Tenn., 330, 170 S. W., 475; *Southern Railroad Co.* v. *Memphis*, 126 Tenn., 267, 286, 148 S. W., 662, 41 L. R. A. (N. S.), 828, Ann. Cas., 1913E, 153; *Fleming* v. *Memphis*, 126 Tenn., 331, 337, 148 S. W., 1057, 42 L. R. A. (N. S.), 493, Ann. Cas., 1913D, 1306.

■ The decree of the Chancellor, after adjudging the aforesaid Act invalid and the election under it inoperative, properly provided that those members of the old

Board re-elected at this time should continue in office as hold-overs and that the newly elected members should hold office as *de facto* officers, all until a valid and legal election is held.

Finding no error, the decree of the Chancellor is affirmed.