BAKER *et al. v.* MILAM.

(*Nashville*, December Term, 1947.)

Opinion filed January 16, 1948.

W. H. Fisher, of Memphis, and Herron C. Pearson, of Jackson, Tennessee, for Complainants (Appellants) Sloan Baker, *et al.*

E. C. Kennedy, of Decaturville, for Otto Milam, County Judge, Elmer L. Stewart, Joe C. Davis, both of Lexington, for intervening petitioners (Appellees).

Mr. Chief Justice Neil delivered the opinion of the Court.

The complainants, as taxpayers of Decatur County, filed their original injunction bill in the Chancery Court to restrain the defendant from issuing $100,000 in bonds for the erection and equipment of schoolhouses in Decatur County. The quarterly County Court of said County, by proper resolution, authorized the issuance and sale of the bonds.

Three resolutions were introduced and passed by the Court. The first resolution was the authorization of the bonds; the second designated two schoolhouses to be built, one at Scotts Hill and one at Parsons, Tennessee; and the third resolution undertook to name a special building committee with authority to spend all of the funds, conditioned upon the money being allocated to Scotts Hill and Parsons.

The complainants, suing for themselves and other taxpayers, seek to restrain the issuance and sale of the bonds on the ground that they will receive no benefit therefrom. It is insisted that they live in the south part of the county and that the greater part of the school fund ($80,000) would be invested in a schoolhouse at Parsons and hence they would not be benefited.

No contention is made by these complainants that the tax burden arising from the issuance of the bonds will affect them differently from that of all other taxpayers of Decatur County. The Chancellor dissolved the injunction, which had been previously granted, and dismissed the complainants' bill. An appeal was prayed and granted to this Court.

The assignments of error present the single question that the quarterly Court should be restrained from issuing the bonds in question upon the ground that the complainants are not benefited. It clearly appears from the record that the first resolution of the Court which authorized the bonds was entirely regular and under Code, Secs. 2557-2569, they would become legal obligations of the County. The two resolutions which followed, and which undertook to allocate the funds between the schools and appoint a committee to supervise the expenditure of the money, had no legal or binding effect upon anybody.

The chancellor decreed that all money arising from the sale of the bonds should be lodged with the County trustee and kept separate and apart from all other funds, and disbursed upon order of the County Board of Education. There can be no doubt of the correctness of this decree. It is in conformity with the holding of this Court in *Bandy et al.* v. *State ex rel. Board of Education of Sullivan County*, 186 Tenn. 11, 207 S. W. (2d) 1011, wherein it was held, "there is no statute authorizing it (the quarter-

ly Court) to select sites upon which to erect school buildings, erect and equip the same, or superintend the expenditure of funds derived solely from the issuance of bonds under Code, sections 2557 to 2569.'' On page 16 (207 S. W. 2d 1013), it is said: "When the County Court has once directed the issuance and sale of bonds for school purposes and lodged the proceeds thereof with the trustee, its authority ends, except to audit the accounts of the school board to see that there is no waste of public funds. There is no provision in the constitution giving the quarterly Court any authority over public schools and school property. Whatever power it may claim or seek to exercise is derived solely from the legislature. If a power is not given it is said that it does not exist.''

In the instant case the complainants have no authority to maintain this action as a taxpayers' suit to enjoin the issuance of these school bonds. *State ex rel.* v. *Brown*, 159 Tenn. 591, 21 S. W. (2d) 721. When the bonds are issued and sold, and the funds lodged with the County trustee as required by law, the quarterly Court has no control over this money; it has no right to draw upon the fund for any purpose. Only the school board is authorized to draw upon this fund, Code, Sec. 2566, and this board has the exclusive authority to allocate or prorata the fund for the erection and equipment of schoolhouses at Scotts Hill, Parsons, and/or such other site or sites as it may select.

We find it unnecessary to discuss the merits of the claims of the citizens of the south end of the County as against claims that are advanced by the people of other sections, particularly at Parsons.

■ ■ Suffice it to say, there is no merit in complainant's contention that the expenditure of the money at Parsons would not benefit them and for that reason de-

fendant should be restrained from issuing the bonds. Furthermore, we cannot consider the contention of counsel that the proposed site of the school building at Parsons is upon land to which the County will have only a defeasible title. We are not justified in anticipating that the County school board will accept the deed which fails to convey a fee-simple title.

The assignments of error are overruled and the Chancellor's decree is in all respects affirmed.

All concur.