BAKER *et al. v.* MILAM, COUNTY JUDGE, *et al.*

(*Jackson,* April Term, 1950.)

Opinion filed June 9, 1950.

Ross & Ross, of Savannah, for appellants (intervening petitioners).

W. H. Fisher, of Memphis, for complainants (appellees).

E. C. Kennedy, of Decaturville, for defendant Otto Milam.

Mr. Justice Tomlinson delivered the opinion of the Court.

By a resolution adopted at its July 1946 term, the Decatur County Quarterly ·Court directed the issuance

of $50,000.00 of those school bonds contemplated by Chapter 60 of the Act of 1911, code commencing at Section 2557, for the purpose of building a school at Parsons. At the time of the passage of this resolution the amount of bonds which could be issued under this statute was limited to 3% of the value of the taxable property of the county, Code, Section 2567.

Shortly thereafter certain taxpayers of Decatur County filed their bill in this suit for the purpose of enjoining the County Judge from issuing these bonds on the allegation (1) that the amount of bonds to be issued under the resolution in question exceed 3% of the value of the taxable property of the county when there is taken into consideration other bonds which allegedly had been issued to pay for the repair, equipment and building of schools; and (2) that the Quarterly Court was without authority to specify the location of school buildings, that being a function of the Board of Education under the general law. Issue was made by the answer of the County Judge.

Before any proof was taken the Legislature enacted Chapter 328 of the Private Acts of 1947 purporting to eliminate any question as to the validity of this resolution or of these bonds, notwithstanding the fact that the amount of this issue added to allegedly previously issued and outstanding bonds of this character would or might exceed the 3% limitation. A motion to dismiss the suit on the ground that this statute made the issues in this case moot was overruled by the Chancellor.

On proof subsequently taken the Chancellor found that the outstanding bonded indebtedness of Decatur County for expenses incurred in building, repairing and equipping schools exceeded the 3% limitation, and that Chapter

328 purporting to authorize the issuance of these bonds "is of no effect". The temporary injunction granted upon the filing of the bill whereby the County Judge was restrained from issuing these bonds was made permanent, and the case is here upon appeal.

If Chapter 328 of the Private Acts of 1947 purporting to validate the allegedly invalid aforesaid resolution of the Quarterly Court and the bonds issued under it is constitutional, then all other questions made in the case are of no consequence. Hence, this question will be considered now.

Chapter 328, after reciting the contents of the July 1946 Quarterly Court resolution, further recites that *"the necessity for said school building* (at Parsons) *being apparent and urgent,* and to the end that no question can be raised or made as to the validity of said bonds and of the power and authority of the Quarterly Court of said County to provide for the issuance of the same", then provides that the proceedings of that Court with reference to the issuance of these bonds for the building of the school at Parsons are "in all respects ratified, validated and approved", the 3% limitation notwithstanding. (Emphasis supplied.)

The accuracy of the statement made in Chapter 328 that there is an urgent necessity for the erection of this school building at Parsons is clearly established by a letter from the Deputy State Fire Marshal to the Chairman of the Decatur County Board of Education. That letter states that the condition of the school building at Parsons creates a serious fire hazard and a fire trap endangering the lives of the children, if a fire should start during school hours, and concludes with the state-

ment that proper steps should be taken to remedy these conditions "without delay".

It is the insistence of the complainants appellees that Chapter 328 suspends the general law in that it permits the Quarterly Court of Decatur County to issue bonds for this school building notwithstanding such issuance will result in the outstanding of such bonds to an amount in excess of 3% of the value of the taxable property of that county, while the general rule, Code Section 2567, prohibits the Quarterly Courts of all other counties of the State from issuing such bonds to an amount in excess of 3% of such value. Hence, that this statute violates Section 8 of Article 11 of our Constitution. It is to be noted that the Act does not give the Quarterly Court of Decatur County this authority except in this one instance where an urgent necessity exists.

■ Education is a governmental function and in the exercise of that function the county acts in a govermental capacity. *State ex rel. Bales* v. *Hamilton County*, 170 Tenn. 371, 95 S. W. (2d) 618. Therefore, Chapter 328 is an Act which affects Decatur County in its governmental capacity.

■ A special act applicable to a single county and contrary to the general law applicable to all the other counties violates Section 8 of Article 11 of our Constitution, even though that special act affects that single county in its governmental capacity, *Town of McMinnville* v. *Curtis*, 183 Tenn. 442, 192 S. W. (2d) 998, except where there is a valid reason for the discrimination. *State* v. *Nashville, C. & St. L. Railroad Co.*, 124 Tenn. 1, 11, 135 S. W. 773, Ann. Cas. 1912D, 805. *Town of McMinnville* v. *Curtis, supra*, 183 Tenn. at page 448, 192 S. W. (2d) 998. Probably this exception to the general

rule was overlooked by appellees' counsel and the Chancellor in their conclusion that the Act violates the constitutional provision mentioned.

The Legislature in enacting this special act affecting Decatur County in its governmental capacity stated in the face of the Act that it was in response to an "urgent necessity" for the erection of a school at Parsons. It does not appear that this affirmative representation of an existing fact made by the Legislature in the face of this Act is false. On the other hand, the record clearly discloses that there is in fact an urgent necessity for the erection of this school in order to avoid subjecting the children who attend it to the danger of being trapped by a fire in a school declared by the state authorities to be a definite fire hazard that should be eliminated "without delay".

■ Since Chapter 328 upon its face discloses a reasonable basis for the discrimination, and since this disclosure is in accord with the facts, and since the Act affects Decatur County in its governmental capacity, it does not violate Article 11, Section 8 in authorizing the issuance of these bonds for the building of this school, notwithstanding its suspension of the general law.

■ The result just stated is not affected by the fact that Chapter 328 was enacted subsequent to the passage of the July 1946 Quarterly County Court resolution. Had the Quarterly County Court resolution not been adopted at that time, the Legislature, for the reason above stated, could constitutionally have enacted this Act, authorizing such Court to pass such a resolution and issue these bonds. Since the Legislature had the power to authorize the passage of such resolution in the first instance, it

had the power to ratify and approve the previously passed resolution. *Muse* v. *Lexington*, 110 Tenn. 655, 665, 76 S. W. 481; *Soukup* v. *Sell*, 171 Tenn. 437, 442, 104 S. W. (2d) 830. This rule is clearly stated in *Red River Furnace Co.* v. *Tenn. Central Railroad Co.*, 113 Tenn. 697, 709, 87 S. W. 1016, 1018 as follows: "It is well settled that under our Constitution there may be special legislation as to municipal communities, from which it necessarily follows that the Legislature, as to such communities, may ratify and approve what has been irregularly done by them, if it could have authorized in the beginning the thing to have been done at all:"

In *Bandy* v. *State Board of Education*, 186 Tenn. 11, 207 S. W. (2d) 1011, and *Baker* v. *Milam*, 186 Tenn. 20, 207 S. W. (2d) 1014, it is held that a resolution of the Quarterly Court locating a public school at a specified place is *ultra vires* since the general law vests that authority in the Board of Education. Those holdings are not applicable here. In the instant case the Legislature in response to an urgent necessity ratified the resolution of the Quarterly Court wherein the proceeds of this bond issue are directed to be used in the building of a school at Parsons. There was no act of the Legislature authorizing or ratifying the resolution of the Quarterly Court in the Bandy and Baker cases.

The bill makes complaint as to the title of the particular lot upon which it says this building will be erected at Parsons. That very question with reference to this very lot was before this Court on a bill brought by these same complainants, or some of them, in the case of *Baker* v. *Milam, supra*. The disposition made there of this question is conclusive.

The decree of the Chancellor will be reversed, the bill dismissed with all costs in both Courts adjudged against the complainants, the appellees.

All concur.