**BRENTWOOD LIQUORS CORPORATION OF WILLIAMSON COUNTY, Tennessee, Appellee,**

v.

**C. W. FOX, County Court Clerk of Williamson County, Tennessee, Appellant.**

Supreme Court of Tennessee.

March 5, 1973.

Henry Denmark Bell, Franklin, for appellant.

Berry & Berry, Thomas E. Fox, Franklin, for appellee.

## OPINION

DYER, Chief Justice.

Appellant, C. W. Fox, County Court Clerk of Williamson County, Tennessee, appeals from the action of the chancellor in finding a private act applicable to Williamson County invalid as being in conflict with Article 11, Section 8, of the Constitution of Tennessee.

Chapter 276, Private Acts of 1957, authorizes Williamson County to levy and collect a privilege tax on retail liquor dealers in the county, the amount of the tax being set at one-half of one percent of the total monthly sales, and the proceeds are to

be used exclusively for the operation and maintenance of the county hospital. The County Court Clerk is charged with the duty of collecting this tax.

Under Chapter 387, Public Acts of 1971, as amended by Chapter 850, Public Acts of 1972, now codified as Title 67, Chapter 58 of T.C.A., the general law on this subject authorizes all counties of the State to levy and collect a privilege tax on retail liquor dealers with the amount of the tax being set at a minimum of $15.00, plus one-tenth of one per cent of the gross sales.

There are two material facts not in dispute. First, the Private Act in question is inconsistent with the general law on the subject applicable to all counties of the State; and, secondly, this Private Act affects Williamson County in the exercise of its governmental function as opposed to a Private Act that primarily affects the individual citizens of a county in their private relations.

Appellant takes the position this Private Act admittedly affecting Williamson County in the exercise of its governmental functions is valid, since Article 11, Section 8 has no application to such statute. Appellant relies upon Nashville, Chattanooga, & St. Louis Ry. v. Marshall County, 161 Tenn. 236, 30 S.W.2d 268 (1930).

Appellee takes the position Article 11, Section 8, is applicable to this Private Act, even though it affects Williamson County in the exercise of its governmental function. Appellee insists that the validity of this Private Act must be determined upon the issue of whether there is a reasonable basis for the discrimination resulting from the suspension of the general law in favor of operation of the Private Act in Williamson County. Appellee principally relies upon the Town of McMinnville v. Curtis, 183 Tenn. 442, 192 S.W.2d 998 (1946).

In Nashville, Chattanooga & St. Louis Ry. v. Marshall County, supra, a Private Act authorizing Marshall County to levy a tax up to thirty-five cents was alleged to be void under Article 11, Section 8, since it was inconsistent with the general law applicable to all counties authorizing a levy of twenty cents. The Court found the issue would be decided on

. . . whether the law under review affects the county in the exercise of its governmental or political functions, or affects primarily the individual citizens of the county in their private relations.

The Court held this Private Act valid upon the finding the power to tax is a governmental function and Article 11, Section 8 has no application. The Court did note that where a Private Act primarily affects the individual citizens of a county, this constitutional provision would apply. We agree this case does support appellant's position.

In the Town of McMinnville v. Curtis, supra, a Private Act applicable to the Town of McMinnville removed the requirement of the payment of a poll tax as a prerequisite to voting in municipal elections. The general law applicable to all municipalities required the payment of a poll tax as a prerequisite to voting in all elections raising the question of whether the Private Act, being inconsistent with the general law, was valid under Article 11, Section 8. The Court noted and so held since the Act primarily affected the citizens of McMinnville as individuals, and there being no reasonable basis for such classification (McMinnville citizens), the Act was void under Article 11, Section 8.

Although the opinion in the *McMinnville* case does not cite Nashville, Chattanooga & St. Louis Ry. v. Marshall County, *supra*, to this point the opinion in the *McMinnville* case is not in conflict with the Nashville, Chattanooga & St. Louis Ry. case. However, the Court in the McMinnville opinion, after deciding the Act primarily affected the individual citizens of the municipality, stated as follows:

We are further of the opinion that should it be considered or assumed that

the act is designed primarily to affect McMinnville as a governmental agency, rather than being primarily designed to confer a special privilege upon its citizens, still the act must be held in violation of the Constitutional provision mentioned.

It is, of course, settled law that special legislation affecting particular counties or municipalities in their governmental or political capacities may be enacted without violating Article XI, Section 8 of the Constitution. Knoxville, City of, v. State ex rel. Hayward, 175 Tenn. 159, 167, 133 S.W.2d 465. Many such acts had been upheld by this Court. But in those cases the special act either was not in conflict with the provisions of the general law, or the classification was upon a reasonable basis. This is not true as to the act under consideration. The provisions of this act are in sharp and direct conflict with the provisions of the general law. No reason is apparent, or is conceived, as to why the payment of a poll tax shall not be required as a condition precedent to voting in the municipal elections of McMinnville, when it is mandatory that such payment shall be made as a condition precedent to voting in elections of all other municipalities of the State. 183 Tenn. at 446–447, 192 S.W.2d at 999.

The Court in *McMinnville* supports the above statements citing State ex rel. Bales v. Hamilton County, 170 Tenn. 371, 95 S.W.2d 618 (1936); State ex rel. Smith v. City of Chattanooga, 176 Tenn. 642, 144 S.W.2d 1096 (1940); Clark v. Vaughn, 177 Tenn. 76, 146 S.W.2d 351 (1941); Berry v. Hayes, 160 Tenn. 577, 28 S.W.2d 50 (1930). After reviewing these cases the Court said:

These cases are not in the slightest in conflict with the well settled law that the legislature may constitutionally enact a special act affecting one particular county or municipality alone in its political or governmental capacity, provided such

special act is not contrary to the provisions of a general law, applicable to all the counties or municipalities. In the latter event, the discrimination must be upon a reasonable basis. Otherwise, it is void. 183 Tenn. at 448, 192 S.W.2d at 1000.

It could be argued these statements in the McMinnville case holding Article 11, Section 8 applicable to private acts affecting municipalities or counties, even if the act affects the municipalities or counties in the exercise of its governmental functions are dictum, since such was not a necessary decision in that case. This argument would have weight were it not for the decisions of this Court since the McMinnville decision.

Since the decision of Town of McMinnville v. Curtis, *supra*, filed March 2, 1946, this Court, inter alia, has decided the following cases: Southern v. Beeler, 183 Tenn. 272, 195 S.W.2d 857 (1946); Baker v. Milam, 191 Tenn. 54, 231 S.W.2d 381 (1950); Wilson v. Beeler, 193 Tenn. 213, 245 S.W.2d 620 (1951); Board of Education of Memphis v. Shelby County, 207 Tenn. 330, 339 S.W.2d 569 (1960).

Southern v. Beeler, *supra*, decided a few months after the McMinnville opinion, involved a private act excepting Knox County from the operation of the general law relating to the issuance of school bonds. It was argued this private act was valid since it affected the county in the exercise of its governmental function. The Court in answer to this said:

We find no merit in the contention that the act must be sustained because it affects the county in its governmental capacity. In Town of McMinnville v. Curtis et al., 183 Tenn. 442, 192 S.W.2d 998, the majority opinion says: "The Legislature may constitutionally enact a special act affecting one particular county or municipality alone in its political or governmental capacity, provided such special act is not contrary to the provi-

sions of a general law applicable to all the counties or municipalities and is upon a reasonable basis. Otherwise it is void." 183 Tenn. at 284, 195 S.W.2d at 862.

Baker v. Milam, *supra,* involved a private act authorizing Decatur County to issue school bonds in excess of the amount allowed by general law. It was argued this private act suspending the operation of the general law as to Decatur County was invalid under Article 11, Section 8. The Court in finding the act valid on the ground there was a reasonable basis for the discrimination said:

Education is a governmental function and in the exercise of that function the county acts in a governmental capacity. State ex rel. Bales v. Hamilton County, 170 Tenn. 371, 95 S.W.2d 618. Therefore, Chapter 328 is an Act which affects Decatur County in its governmental capacity.

A special act applicable to a single county and contrary to the general law applicable to all the other counties violates Section 8 of Article 11 of our Constitution, even though that special act affects that single county in its governmental capacity, Town of McMinnville v. Curtis, 183 Tenn. 442, 192 S.W.2d 998, except where there is a valid reason for the discrimination. State v. Nashville, C. & St. L. Railroad Co., 124 Tenn. 1, 11, 135 S.W. 773, Ann.Cas.1912D, 805. Town of McMinnville v. Curtis, supra, 183 Tenn. at page 448, 192 S.W.2d 998. 191 Tenn. at 58, 231 S.W.2d at 383.

It should be noted State v. Nashville C. & St. L. Railroad, *supra,* cited in Baker v. Milam, *supra,* was decided in 1910, prior to the opinion in Nashville C. & St. L. Ry. v. Marshall County, *supra.* The opinion in the Marshall County case does not cite State v. Nashville C. & St. L. Railroad opinion.

The other two cases we have cited, Wilson v. Beeler, *supra,* and Board of Education of Memphis v. Shelby County, *supra,* follow the holding of Town of McMinnville v. Curtis, *supra,* that Article 11, Section 8 does apply to private or special legislation affecting counties and municipalities in the exercise of their governmental functions.

The cases cited in Nashville, Chattanooga & St. Louis Ry. v. Marshall County, *supra,* do support the result reached in that case on the issue now before the Court, but we have not been cited, nor have we found any published opinion since the Marshall County case following this particular holding of the Marshall County case.

We hold Article 11, Section 8 of the Constitution of Tennessee is applicable to private or special legislation affecting a county or municipality in the exercise of its governmental functions, and where such legislation operates to suspend the general law on the same subject, the validity of such legislation is determined upon the issue of whether there is a reasonable basis for the discrimination.

Chapter 276 of the Private Acts of 1957 recites no reasonable basis, nor can we conceive of any reasonable basis why a particular business in Williamson County should be subject to a different and higher tax than are similar businesses in all the counties of the State.

The judgment of the lower court is affirmed.

CHATTIN, HUMPHREYS and Mc-CANLESS, JJ., and WILSON, Special Justice, concur.