KNOXVILLE'S COMMUNITY DEVEL-
OPMENT CORPORATION, et al.,
Plaintiffs-Appellees,

v.

KNOX COUNTY, et al.,
Defendants-Appellants.

Supreme Court of Tennessee,
at Knoxville.

Feb. 17, 1984.

Kenneth E. Morror, Jon G. Roach, City Atty., Knoxville, for plaintiffs-appellees.

Dale C. Workman, Asst. Law Director, Knoxville, for defendants-appellants; Knox County Law Director, Knoxville, of counsel.

OPINION

HARBISON, Justice.

In this case the Chancellor held that Chapter 906 of the Tennessee Public Acts of 1982 violated Article XI, Section 8, of the state constitution and was therefore invalid. We affirm.

The statute purported to amend T.C.A. §§ 13–20–203(a) and 205(c) pertaining to the initiation and financing of redevelopment plans by municipal housing authorities.

In the case of *Metropolitan Development & Housing Agency v. Leech,* 591 S.W.2d 427 (Tenn.1979), this Court upheld statutes authorizing "tax increment financing" for housing redevelopment plans. Among the various attacks made upon the statutes was a claim that they improperly permitted the appropriation of county funds for municipal purposes and improperly diverted portions of county property taxes.

The statutes, as construed and upheld in that case, contained a uniform, state-wide plan for the financing of such projects. Under those statutes approval of the governing body of the municipality was required, but the statutes did not provide for approval by the governing body of the county within which the municipality was located.

Chapter 906 of Tennessee Public Acts 1982 amended the general laws by providing that in counties within a certain population bracket approval of the governing body of the affected county would be required as well as that of the municipality in the absence of an agreement exempting "the county property tax levy and all proceeds from it generated within the redevelopment project from the tax increment financing provisions specified in Tennessee Code Annotated 13–20–205(a)(2)."

The specified population bracket was for counties having a population of not less than 275,000 nor more than 325,000 persons according to the 1980 federal census or any subsequent federal census. Only Hamilton and Knox Counties fell within these provisions at the time of the enactment of the 1982 amendment. The amendment states no reasons why there should be such a departure from the general law in counties falling within the specified population bracket, nor was any factual basis for the classification developed in the trial of this case. It was suggested by counsel for appellants that county governments in the larger counties of the state containing municipal corporations should properly have a voice in the approval of redevelopment projects involving tax increment financing, but no factual evidence was introduced that there is any greater problem in that regard in those counties than in smaller ones.

 The General Assembly, of course, has broad discretion in classifying municipal and local governments, and statutes affecting them in their governmental capacity will ordinarily be upheld unless such statutes contravene an existing state-wide law of general application. *See Rector v. Griffith*, 563 S.W.2d 899 (Tenn.1978). Where the provisions of an act which is either local or local in effect do contravene such a general law, however, the provisions of Article XI, § 8, of the state constitution come into play, and there must be some reasonable basis for the special provision. *See Leech v. Wayne County*, 588 S.W.2d 270, 274 (Tenn.1979); *Brentwood Liquors*

*Corporation of Williamson County v. Fox*, 496 S.W.2d 454 (Tenn.1973).

Like the Chancellor, we know of no reason to justify the discriminatory classification established in the statute in question, nor has any such reason been demonstrated by evidence.

The judgment of the Chancellor is affirmed at the cost of appellants. The cause will be remanded to the trial court for entry of any further orders which may be necessary.

FONES, C.J., and COOPER, BROCK and DROWOTA, JJ., concur.