# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 27, 2001 Session

## TROY ALLEN THOMPSON v. ELISA CONNELL HULBERT

**Appeal from the Juvenile Court for Shelby County**
**No. L8261    A. V. McDowell, Judge**

---

**No. W2000-02675-COA-R3-JV - Filed August 9, 2002**

---

This is a constitutional challenge to the Tennessee Child Support Guidelines, Tenn. Comp. R. & Regs. 1240-2-4. While the mother was married to another man, she and the father had an extra-marital relationship. The child at issue in this case was born of that relationship. The father and mother never married each other. Later the father married a different woman and had two other children. Under the Tennessee Child Support Guidelines, the father's financial support of the children born of his marriage could not be considered in determining the amount of court-ordered child support for his first child. The father argued to the juvenile court that the Guidelines treated his later-born children less favorably than his first child and, therefore, violated his children's constitutional rights to equal protection. The juvenile court rejected this argument and ordered child support in accordance with the Guidelines. The father now appeals. We reverse, finding that the Tennessee Child Support Guidelines violate the equal protection guarantees of the federal and state constitutions.

## Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

David A. McLaughlin and Gail R. Sevier, Memphis, Tennessee, for the Appellant, Troy Allen Thompson.

Paul G. Summers, Attorney General and Reporter, and Kim Beals, Assistant Attorney General, Nashville, Tennessee, for the Attorney General's Office.

**OPINION**

In 1993, Petitioner/Appellant Troy Thompson ("Thompson") fathered a son, Nickalaus, with Respondent/Appellee Elisa Hulbert ("Hulbert"). At the time, Hulbert was married to another man. Nickalaus's true parentage was not determined until 1996, when a blood test confirmed that Thompson is his father. Thompson agreed to pay $375 per month for child support.

In the meantime, Thompson had married Andrea Thompson and they had two children. In July 2000, for reasons not apparent from the record, Thompson and Hulbert filed petitions in juvenile court to establish Thompson's parentage of Nickalaus. In addition, Hulbert requested that the juvenile court set an appropriate amount of child support for Nickalaus. By order dated August 1, 2000, the juvenile court legitimated Nickalaus and scheduled a hearing to determine the amount of Thompson's child support obligation. At this hearing, Thompson testified regarding his support obligations for his current household, including the expenses for the two infant sons born of his marriage to Andrea. Thomson testified that if he were required to pay the additional $300 per month in child support required under the Tennessee Child Support Guidelines, the result would be "a slow death...for my financial situation." The juvenile court was unmoved, and found that Thompson failed to show the type of extreme financial hardship that would permit a downward deviation from the Guideline amount. The juvenile court also found that the Guidelines were "not unconstitutional to the extent [they fail] to take into account the children of petitioner's present marriage in setting the appropriate amount of child support." From this order, Thompson now appeals.

In this appeal, Thompson argues that Tennessee's Child Support Guidelines, by prohibiting the trial court from taking into account children who are not the subject of a child support order, violates the constitutional rights to equal protection of the children born of his marriage. The State argues that there is a rational basis for this prohibition in the Guidelines and that the Guidelines are not unconstitutional. In addition, the State argues that the children born of Thompson's marriage have not suffered any concrete injury, that therefore the issue of the constitutionality of the Guidelines is not properly before the Court. The State also argues that the issue is not properly before the Court because the children born of Thompson's marriage are not parties to this case.

Since this case was tried by the court sitting without a jury, the court's factual findings are reviewed *de novo* accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. **Campbell v. Fla. Steel Corp.**, 919 S.W.2d 26, 35 (Tenn. 1996); Tennessee R. App. P. 13(d). The trial court's legal conclusions are reviewed *de novo* with no presumption of correctness. **Campbell**, 919 S.W.2d at 35.

We address first the initial issues raised by the State, namely whether the issue of the constitutionality of the Guidelines is properly before this Court. Since Thompson is required to pay more child support for Nickalaus than would be required if the trial court took into account the support he pays for the children born of his marriage, we find that he has suffered a concrete injury and that he has standing to raise the issue of the constitutionality of the Guidelines. Accordingly, we will consider the issue on its merits.

The Tennessee Child Support Guidelines, Tenn. Comp. R. & Regs. 1240-2-4, provide a means of computing child support based on a percentage of the obligor parent's net income. In calculating net income, the Guidelines provide:

> Net income is calculated by subtracting from gross income of the obligor FICA..., the amount of withholding tax deducted for a single wage earner claiming one withholding allowance..., and the amount of child support ordered pursuant to a previous order of child support for other children...*Children of the obligor who are not included in a decree of child support shall not be considered for the purposes of reducing the obligor's net income or in calculating the guideline amount. In addition, these children should not be considered by the court as a reason for deviation unless they meet the requirements of rule 1240-2-4-.04(4)* [relating to extreme financial hardship].

Tenn. Comp. R. & Regs. 1240-2-4-.03(4) (emphasis added). The obligor parent's net income is then multiplied by a percentage which is based on the number of children subject to the order, as follows:

| No. of children | 1 | 2 | 3 | 4 | 5 or more |
|---|---|---|---|---|---|
| % of income | 21% | 32% | 41% | 46% | 50% |

Assuming that there are no circumstances which warrant deviating from the Guidelines, this is the method used to calculate the amount of the child support award.

As noted above, in determining the amount of child support, the Guidelines prohibit the trial court from considering the parent's support of other children unless the other children are covered by a previous order of child support. Thompson argues that this provision in the Guidelines violates the equal protection guarantees of the 14th Amendment of the U.S. Constitution and Article XI, Section 8 of the Tennessee Constitution. As stated in his brief, "[t]he question for the Court is whether the Tennessee Child Support Guidelines grant a special right to children under a 'court order of support' while simultaneously failing to provide the same right to the children of an obligor parent who are not subject to an order of support."

We begin with the presumption that the Guidelines are constitutional. *See Town of Huntsville v. Duncan*, 15 S.W.3d 468, 471 (Tenn. Ct. App. 1999). "There is a strong presumption in favor of the constitutionality of acts passed by the Legislature and its acts will not be held unconstitutional merely for reasons of policy." *Bozeman v. Barker*, 571 S.W.2d 279, 282 (Tenn. 1978). Thompson does not argue that a fundamental right is involved, nor does he argue that the Guidelines create "a classification involving a 'suspect' or 'protected' class, such as race or national origin." *See Town of Huntsville*, 15 S.W.3d at 472. Therefore, our review is limited to whether there is a rational basis for the Guideline's preferential treatment of children covered by court-ordered child support. *Id.*

Prior to their revision in 1994, the Guidelines, while providing a deduction from net income for a previous order of child support, made no mention of non-ordered or "voluntary" child support. The Court in *Adams v. Reed* questioned the "rationale for excluding other dependent children which a debtor is actually supporting just because he is not under a 'previous order of child support.'" 874 S.W.2d 61, 63 (Tenn. Ct. App. 1993). The Court held that evidence that the parent was supporting two other custodial children was sufficient to overcome the presumption in favor of the Guideline amount. *Id.* at 65. In response to the Court's decision in *Adams*, the Guidelines were revised to specifically exclude non-ordered support from consideration either in calculating net income or in deviating from the Guideline amount.

Recently, the Eastern Section of this Court addressed a similar constitutional challenge to the Child Support Guidelines. *See Gallaher v Elam*, No. E2000-02719-COA-R3-CV, 2002 Tenn. App. LEXIS 94 (Tenn. Ct. App. Jan. 29, 2002). In that case, the father was married and had three other children at the time he fathered a fourth child out-of-wedlock. *Id.* at *3. The Referee ordered child support in the amount determined by the Guidelines. *Id.* The juvenile court, however, found that Regulation 1240-2-4-.03(4) violated the equal protection guarantees of the state and federal constitutions. *Id.* The State appealed and this Court affirmed holding that "[a]ll children of the same parent have the right to share fairly with their siblings in their common parent's resources." *Id.* at *7 (quoting *State ex rel. Randolph v. Poteet*, No. 01-A-01-9808-JV-00419, 1999 Tenn. App. LEXIS 176, at *24 (Tenn. Ct. App. Mar. 17, 1999) (Koch, J., concurring)).

We likewise find no rational basis for flatly prohibiting the trial court from considering a parent's support of other children, where such support may be legally mandated, as in Thompson's support of the children born of his marriage, even though these children are not the subject of an order of child support. The State argues that children living with a parent may not need the same level of support. Even if true, this does not justify prohibiting the trial court from considering such children *at all* in the calculation of child support. *See State ex rel. Randolph v. Poteet*, No. 01-A-01-9808-JV00419, 1999 Tenn. App. LEXIS 176, at *23 (Tenn. Ct. App. Mar. 17, 1999) (Koch, J., concurring). Therefore, we reverse the judgment of the juvenile court, and find the Guidelines an unconstitutional violation of the equal protection guarantees insofar as they prohibit the trial court from considering Thompson's legally mandated support of the children born of his marriage. The cause is remanded to the juvenile court for a redetermination of the amount of child support in light of this ruling.

For the foregoing reasons, the decision of the juvenile court is reversed. The cause is remanded to the juvenile court for further proceedings consistent with this opinion. Costs are taxed to the appellee, State of Tennessee, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE

-4-